In the Matter of RICHARD L. ROSENBAUM, an Attorney, Respondent. ORANGE COUNTY BAR ASSOCIATION, Petitioner.— In this disciplinary proceeding, respondent has admitted the charge of the petition that he converted funds collected on behalf of a client, for which he has been indicted for grand larceny; and has also admitted facts indicating that he was guilty of conversion of funds held in trust pursuant to section 36-a of the Lien Law. While respondent has made restitution, we are of the opinion that the serious nature of his admitted misconduct requires his disbarment. The respondent is disbarred and his name ordered to be struck from the roll of attorneys. Present — Nolan, P. J., Carswell, Wenzel, Schmidt and Beldock, JJ.

■

ELAINE GRUSHAW, Appellant, v. SIDNEY GRUSHAW, Respondent.— Action by a wife to annul a marriage. When the case came on for trial on January 3, 1952, neither plaintiff nor her attorney was present because of illness. The Trial Judge swore the defendant but took no testimony and adjourned the case to February 28, 1952, for trial. On that date both attorneys appeared and plaintiff's attorney moved to discontinue the action, which was denied and exception taken. Plaintiff's attorney then stated that he was not ready with his proof and that he would require two weeks to prepare. Defendant's attorney consented and the court adjourned the case to March 13, 1952. On that day neither the plaintiff nor her attorney appeared, and attempts, made at the court's direction, to reach plaintiff's attorney were unavailing. The court granted a motion by defendant's attorney to dismiss on the merits. On October 7, 1952, plaintiff entered a formal order denying her motion to discontinue, which had been made orally and denied on February 28, 1952. Plaintiff appeals from the judgment dismissing the complaint on the merits and from the order denying her motion to discontinue the action. Appeal from judgment dismissed, without costs, and without prejudice to a motion to amend the judgment so as to indicate that the dismissal was not on the merits, if plaintiff be so advised. The judgment was entered on plaintiff's default. No appeal lies from a default judgment. Order affirmed, without costs. By accepting the adjournment until March 13, 1952, plaintiff abandoned her right to appeal from the order denying her motion to discontinue the action. Furthermore, the formal order denying the motion was not entered until more than six months after the motion had been denied and after the default judgment had been entered. Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.