Per Curiam.

The appeal from judgment should be dismissed. The judgment was entered by default, and no appeal lies from a default judgment. (Grushaw v. Grushaw, 281 App. Div. 1031.) Appeal from the original order dismissed. This order was rendered a nullity by the order granting the defendant’s motion for reargument. (Kamen v. Kamen, 284 App. Div. 1047.) Order granting the defendant’s motion for reargument unanimously modified by striking therefrom the condition that the defendant-appellant post a bond or other cash security to secure the payment of the judgment and, as so modified, order affirmed, with $10 costs and taxable disbursements to the defendant-appellant. The case is set down at the head of the Ready Day Calendar for February 9, 1959, subject to the approval of the Justice then presiding.
The record shows that the default herein was not willful. It was, therefore, improper to require the defendant to post a bond or other security as a condition for opening it. The imposition of the condition that the judgment stand as security was sufficient. (Schlein v. Schlein, 276 App. Div. 951; Gustavus J. Esselen, Inc. v. Visor, 180 Misc. 537.)
Concur — Pette, Hart and Di Giovanna, JJ.
Appeal dismissed, etc.