█ LEWIS F. X. COTIGNOLA, as Preliminary Executor of AMANDUS WATTS, Deceased, Appellant, v. LOUISE LIEBER, Respondent.— STALEY, JR., J. Appeal from an order of the County Court of Hamilton County, entered December 4, 1969, which adjourned a summary proceeding to recover possession of real property brought pursuant to article 7 of the Real Property Actions and Proceedings Law. Amandus Watts died a resident of the Town of Long Lake, County of Hamilton, State of New York, on June 14, 1966. On September 9, 1966 respondent Louise Lieber petitioned the Surrogate's Court of Hamilton County for letters of administration in the estate of Amandus Watts, deceased, asserting that she was entitled to the same as (1) the common-law wife of Amandus Watts; (2) a creditor of Amandus Watts; and (3) a person entitled to the residuary estate of Amandus Watts. On January 3, 1967 appellant, an attorney, answered the petition denying all of the allegations therein and alleged that Amandus Watts died testate, leaving a last will and testament dated October 10, 1953. On May 31, 1967 appellant was, by order of the Surrogate, appointed preliminary executor under the last will and testament of Amandus Watts, deceased. The will of Amandus Watts, although offered for probate on January 3, 1967, has not been admitted to probate. A trial of the issues on respondent's petition for letters of administration was held in the month of June, 1969 and culminated in a decree by the Surrogate on November 17, 1969 which determined that the respondent is not the widow of Amandus Watts, and is not a distributee or a person interested in, or entitled to, the residuary estate of Amandus Watts, deceased, and dismissed respondent's petition for letters of administration. This decree also dismissed respondent's answer and objections to the petition for probate of the alleged will dated October 10, 1953, and stayed all proceedings in the estate pending determination of a timely appeal except the exercise by the preliminary executor of the powers granted to him by law. On October 9, 1969 appellant, as preliminary executor, served a notice to quit and vacate the real property occupied by respondent which was owned by the decedent at the time of his death. Upon respondent's refusal to vacate, appellant commenced this summary proceeding returnable in the County Court of Hamilton County on November 17, 1969, the date the Surrogate rendered his decree in the estate proceedings. Respondent's answer contained a defense alleging that respondent is entitled to the entire estate of Amandus Watts and, that until such time that the courts rule that she is not so entitled, the preliminary executor has no basis for evicting her. On the return date of the notice of petition herein, the attorney for appellant requested a short adjournment to prepare for trial, and the attorney for respondent moved for a stay of the proceedings pending determination of an appeal intended to be taken from the decree made that day by the Surrogate in respondent's proceeding for letters of administration. On November 20, 1969 the County Court ordered that the trial of the summary proceeding be adjourned to a date to be fixed subsequent to the decision to be rendered by the Appellate Division, Third Department in an appeal from said decree. Appellant appeals from this order contending that the County Court was without power to adjourn the proceedings for more than 10 days, except

by consent of the parties as provided by section 745 of the Real Property Actions and Proceedings Law and, even if the court had power to grant a longer adjournment, the adjournment granted was an abuse of discretion. Section 745 of the Real Property Actions and Proceedings Law authorizes the court, in its discretion, to grant an adjournment at the request of a party, but not more than 10 days, except by consent of all parties who appear. In the case here, even if respondent is successful on her appeal in the proceeding for letters of administration, that determination will not in and of itself establish her alleged claim that she is entitled to the entire estate of Amandus Watts and to possession of the real property, the subject of the summary proceeding. Thus, the general rule that, where a decision in one action will determine all the questions in another action and will, in effect, dispose of the controversy in both actions, a stay of one action is proper does not apply here. (*Hunter* v. *Hunter*, 10 A D 2d 937.) A summary proceeding is a special proceeding governed entirely by statute, and the legislative intent is to afford a summary means of obtaining a speedy determination and adjudication of disputes over the right of possession of real property. (*People ex rel. Allen* v. *Murray*, 2 Misc. 152, affd. 138 N. Y. 635; *Great Park Corp.* v. *Goldberger*, 41 Misc 2d 988.) Since the remedy is of statutory origin, the provisions creating such remedy must be strictly construed. (*Matter of Smith* v. *Norton*, 204 App. Div. 248; *Matter of Garrison* v. *Abrams*, 57 Misc 2d 417; *Stephen Estates* v. *Kaplan*, 198 Misc. 948.) In *Hanover Estates* v. *Finkelstein* (194 Misc. 755) the court stated at page 758: " The procedure of summary proceedings contemplates an answer which creates an issue (Civ. Prac. Act, § 1425; *Fritztuskie* v. *Mauroski*, 83 App. Div. 150), and the court cannot adjourn the proceeding if issue is not joined unless upon consent of the parties or unless legal objections are made to the maintenance of the proceedings or the jurisdiction of the court requiring judicial examination and judgment. (*People ex rel. Allen* v. *Murray, supra*; *Matter of Paladino*, 126 Misc. 488.) Even though after issue is joined the court has the power to adjourn the proceeding, it cannot grant a longer time than ten days except by consent of all parties." (See, also, *Pierre Assoc.* v. *Citizens Cas. Co. of N. Y.*, 32 A D 2d 495.) Appellant should be entitled to proceed with the summary proceeding without further adjournment. Order reversed, on the law and the facts, with costs, and matter remanded to County Court, Hamilton County, for further proceedings not inconsistent herewith. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Staley, Jr., J.