Harry Edelstein, J.
The narrow question before the court is whether a petition in a summary proceeding pursuant to article 7 of the Real Property Actions and Proceedings Law may be amended to include a claim for damages to the real property. There does not appear to be any direct authority on the point.
The subject matter of a special proceeding under article 7 of the Real Property Actions and Proceedings Law is a dispute over the right of possession of real property. (Real Property Actions and Proceedings Law, § 701; Cotignola v Lieber, 34 AD2d 700.) The purpose of the article is to provide for simple, expeditious, and. inexpensive adjudications of disputes between landlords and tenants over rights of possession. (Cotignola v Lieber, supra; 5 Warren’s Weed, New York Law of Real Property [4th ed], Summary Proceedings, § 1.03.) Though a special proceeding under article 7 of the Real Property Actions and Proceedings Law may include a cause of action for unpaid rent, such summary proceeding is nonetheless in rem and purely possessory. (Rasch, New York Landlord and Tenant [2d ed], § 995; 5 Warren’s Weed, New York Law of Real Property [4th ed], Summary Proceedings, § 1.03.) Therefore, any other cause of action between a landlord and a tenant may not be made part of the petition.
The petitioner contends that CPLR 3025 is applicable to a special proceeding of article 7 of the Real Property Actions and Proceedings Law. The petitioner argues that, in reference to a procedure as to which article 7 of the Real Property Actions and Proceedings Law is silent, the court must refer to CPLR article 4, and in reference to a procedure as to which article 4 is silent, to the whole of the CPLR.
The petitioner’s argument fails because it is impossible to *252 fill the interstice between article 7 of the Real Property Actions and Proceedings Law and CPLR article 4. The purpose of CPLR article 4 is to provide a uniform procedure for special proceedings other than those for which a different procedure is prescribed by statute. (1 Weinstein-Korn-Miller, NY Civ Prac, par 401.01.) Article 7 of the Real Property Actions and Proceedings Law prescribes its own procedure, arid its procedures, unlike those of the CPLR (see CPLR 104), are to be construed strictly. (Cotignola v Lieber, 34 AD2d 700, supra.) More importantly, the question before the court is not one of procedure, but of jurisdiction. In a special proceeding pursuant to article 7 of the Real Property Actions and Proceedings Law, a court has no jurisdiction to adjudicate a monetary claim other than rent allegedly due. (Rasch, New York Landlord and Tenant [2d ed], § 995, and cases cited at n 1.)
Accordingly, the motion to amend the petition is denied.