Harry Edelstein, J.
In this summary proceeding initially brought to recover possession of real property and an amount for rent allegedly due for the months of November and December, 1976, and January, 1977, pursuant to article 7 of the Real Property Actions and Proceedings Law, the court, sua sponte, questions the propriety of issuing a judgment for the relief sought by the petitioner.
This matter was commenced by substituted service of the notice of petition and petition which was made returnable on January 11, 1977. On that date the attorney for the petitioner appeared and the respondent tenant also appeared. By consent of both parties and since it appeared that a settlement would be entered into, the matter was adjourned to January *149 18, 1977. On January 18, 1977, the matter was called by the clerk and the petitioner’s attorney informed the court that the matter had been settled. On March 30, 1977, the attorney for the petitioner submitted a proposed judgment and warrant to the court. Annexed thereto is an affidavit of the petitioner’s attorney attesting to the respondent’s default to the terms of the stipulation, and a copy of a stipulation of settlement signed by an attorney for the petitioner and the respondent pro se. When the court indicated to the petitioner’s attorney that it had substantial doubts as to whether the relief sought could be properly granted, the petitioner’s attorney requested, and was granted, an adjournment until April 19, 1977, only for the purpose of submitting a memorandum of law; otherwise the matter was in all respects deemed fully submitted. On April 19, 1977, the petitioner’s attorney requested that the application for the judgment and warrant be marked withdrawn. This request is hereby denied, particularly because the time for a definitive ruling on the widespread use in this county of the procedure of an ex parte application for judgments and warrants of eviction upon an alleged default to the terms of a stipulation of settlement, is long overdue.
The affidavit of the petitioner’s attorney avers that the respondent tenant is in default in the amount of $36 for the balance of January’s rent. He also indicates that the respondent has paid $750 in the period from January 17, 1977, to March 7, 1977. The stipulation of settlement provides as follows:
"It is hereby stipulated and agreed by and between the attorneys for the petitioner and the respondent that the above entitled proceeding is hereby settled upon the following conditions:
"1. The respondent admits service of the Notice of Petition and Petition and hereby appears generally in this proceeding.
"2. The respondent acknowledges that she is indebted to the petitioner as follows:

"3. Respondent has no defense, counterclaim or offset to the petitioner’s claim.
"4. The respondent agrees to pay:

*150

"4(a). The sum of $122 for legal fees will be paid as follows: $40 on April 20, 1977 $41 on May 22, 1977 $41 on June 16, 1977
"5. All payments shall be completed by: June 16, 1977
"5a. This agreement includes rents accruing for the month of Jan., Feb., March, April, May & June. The petition is hereby amended to include these rentals as they accrue.
"5(a). Rents for the Months of April, May, and June, 1977 shall be paid directly to the landlord pursuant to the terms of the lease agreement.
"6. All payments are to be made to the order of the attorneys for the petitioner at their office by cash, certified check, or money order payable to Dubbs, Leopold & Davis, Attorneys at Law, P.C., 20 Squadron Boulevard, New City, New York, 10956 914-638-1000
"7. In the event the respondent fails to comply with the terms of this Stipulation for a period of two days, then the Clerk is herewith authorized to enter judgment on the petitioner’s application without further notice to the respondent for the balance of the sum due pursuant to paragraph 2 herein and for such rents as accrue between the date of this agreement and the date of the application for judgment plus interest from the 1st day of October 1976 plus costs and disbursements; and together with Judgment that possession of the premises described in the petition be awarded to the petitioner and that a warrant of eviction issue. Petitioner may issue execution immediately thereafter.
"8. The respondent further acknowledges that she is not in the active military service of the United States.
*151 "9. This Stipulation shall be entered and filed with this Court as a matter of record.
"Dated: New City, New York January 11, 1977”. (The aforesaid stipulation was signed by the respondent pro se and verified by her on January 11, 1977.)
Although there is an affidavit of service by mail on the respondent attached to the proposed judgment and warrant, this is not sufficient to award the petitioner any judgment whatsoever.
The purpose of article 7 of the Real Property Actions and Proceedings Law is to provide for simple, expeditious, and inexpensive adjudications of disputes betweeen landlords and tenants over rights of possession. (Cotignola v Lieber, 34 AD2d 700; 5 Warren’s Weed, NY Law of Real Prop [4th ed], Summary Proceedings, § 1.03, p 5.) While this is, in principle, a salutary purpose, it should not operate to deprive litigants of fundamental rights. In the case at bar, the respondent is, for lack of a date on which the application for the entry of the judgment and warrant is "returnable”, deprived of an opportunity to appear and raise any defense which might operate to excuse the failure to comply with the stipulation of settlement. It may appear that the subject premises were destroyed by fire or otherwise rendered uninhabitable, or that a tender of payment was refused by the landlord. Furthermore, a tenant who is unschooled in the law is unlikely to know how to proceed to raise any such defenses without a date on which he or she can appear in court. The importance of providing a return date is highlighted where, as in the case at bar, a money judgment is sought.
It is the conclusion of this court then that: (1) the terms of the stipulation which enable the petitioner to secure a judgment without further notice and (2) the procedure of serving the proposed judgment and warrant on the respondent prior to submission to the court, although no return date is noted thereon, effectively deprive the respondent of procedural due process under the Fourteenth Amendment to the United States Constitution. In this regard the court notes the language of the United States Supreme Court in the case of Mullane v Central Hanover Bank & Trust Co. (339 US 306, 314) to the effect that: "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of *152 the action and afford them an opportunity to present their objections.”
In this case, the affidavit of service indicates that the papers were mailed to the respondent on March 29, 1977. The proposed judgment and warrant were submitted to the court on March 30, 1977. Thus, it is not improbable that the judgment and warrant might have been signed by the court on or before the day they were received by the respondent. This minimizes the possibility of the tenant receiving sufficient notice of the submission of the proposed judgment to the court. In Fuentes v Shevin (407 US 67, 80, rehearing den 409 US 902) it was held to be "fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.’ ” This court recognizes and indeed, it has been held, that the degree of importance of the interests involved and the character of the proceedings which will ensue can determine, with variant results, the formality and procedural requirements for the hearing. (Boddie v Connecticut, 401 US 371.) The interest which is at stake here is shelter, a necessity of life. (See Weidman v Tomaselli, 81 Misc 2d 328, 332, affd 84 Misc 2d 782.) Thus, the importance of the respondent’s interest mandates that she be afforded an opportunity to appear and raise any available and valid defense to the entry of the judgment and the issuance of the warrant of eviction.
There is authority for the proposition that the trial court retains jurisdiction of the matter until the warrant is executed (203 13th St. Corp. v Lechycky, 67 Misc 2d 451) and that the trial court has jurisdiction to reinstate a tenant who has been wrongfully evicted to possession after the warrant has been executed and even if a new tenant is in possession. (Matter of Albany v White, 46 Misc 2d 915, 919.) However, this is of little solace to the tenant who has been wrongfully evicted as Judge Starke[1] noted in Matter of Albany (supra, p 918) that: "to the tenant and his family in this sad and sorry plight, there is something of greater importance than money damages at such a time. It is the vital and pressing question of getting back at once into the apartment.”
The question, then, which is implicitly raised by the matter before this court, is why the risk of a wrongful eviction should *153 be increased for the lack of a specific date on which the application for the judgment and warrant is returnable. It is self-evident that there is no valid reason and the requirement of providing such a date is certainly not an unfair or onerous burden which is cast upon the petitioner landlord.
Quite aside from the defects, we have indicated in the procedure utilized by the petitioners, this court finds the proposed judgment and the stipulation on which it is based, unacceptable for a further reason. The proposed judgment recites that there is due from the respondent under the terms of the stipulation $110 for legal fees. In fact, paragraph 4(a) of the stipulation provides that the first payment for legal fees is due on April 20, 1977. Thus, this amount had not fallen due as of the date of the petitioner’s application nor is there an "acceleration clause” in the stipulation which might otherwise cause it to become due upon the default of the respondent to one of the payments.
Even if the application for legal fees was not as we have indicated above, premature, there is an additional reason why the particular award for legal fees sought here could not be awarded to the petitioner. In the case of Weidman v Tomaselli (supra) this court found that the terms of a lease which provided for the payment of a lump sum of $100 as attorney’s fees in the connection with any action or summary proceeding instituted by the landlord against the tenant to be unconscionable and unenforceable. One basis for the finding of unconscionability in Weidman was the inequality in the bargaining position of the parties to the lease instrument. In the case at bar, the relative position of the petitioner and respondent when they entered into that part of the stipulation which relates to the payment of $110 for legal fees is far more disproportionate than that of the parties to the lease in Weidman. Here, the respondent, who signed this stipulation without the aid of an attorney, could either agree to the $110 amount or face eviction. This is a contract of adhesion as a matter of law (Weidman, supra, p 331) and an unconscionable bargain which equity will not enforce. (Campbell Soup Co. v Wentz, 172 F2d 80, 83.) The law of contract generally contemplates that the parties would meet each other on a footing of social and approximate economic equality. (Triple D & E v Van Burén, 72 Misc 2d 569, 576 [citing "Contracts of Adhesion”, 43 Col L Rev, 629, 630], affd 42 AD2d 841.) Additionally, the attorney’s fees of $110 under the stipulation are in the *154 nature of a penalty and there is no relationship shown between the amount due and the attorney’s services performed. (See Weidman v Tomaselli, supra, p 336.)
Accordingly, the petitioner’s application for the entry of a judgment and the issuance of a warrant of eviction is denied.

. In reference to the prior procedure of suggesting that a reinstatement proceeding be brought in Supreme court and indicating to the tenant that an action at law for money damages might lie for the wrongful eviction.