OPINION OF THE COURT
George M. Fleary, J.
This is an action brought by Parkway Co. for rent under a petition dated November 2, 1978, under which they sought rent from a respondent tenant herein in the amount of $1,278.11. It was alleged that the rent due for tenant’s apartment, consisting of seven rooms on the fourth floor of premises 41 Eastern Parkway, Brooklyn, is $410.70 per month and the petitioner claims that the tenant owes a balance of $46 for August, 1978, and rent for the months of September, October and November, 1978.
The action was commenced by the alleged service of a *882 petition and notice of petition upon the tenant herein, under a petition which was signed and acknowledged by the landlord on November 2, 1978, and allegedly served, according to the affidavit of service of petition and notice of petition, by personal service upon the tenants at their apartment on November 7, 1978.
On November 21, 1978, a final judgment of possession upon respondents’ failure to answer was signed, and a warrant was issued to the Marshal on the same day.
On December 12, 1978, the tenant applied for an order to show cause to open the default and place the case on the Trial Calendar. My colleague, sitting in court on the day the application was made for the said order to show cause, sought fit to require a $1,000 deposit from the tenant as a prerequisite for the court process to take effect. A rubber stamp appended to the within order provides as follows: "Within stay is granted on condition that tenant deposit $1,000.00 with clerk of the court by Dec. 18, 1978. Otherwise, stay contained herein is vacated.”
I followed my colleague in the Landlord-Tenant Part of this court, on December 18, 1978. The tenant appeared at the clerk’s window with the sum of $900 in cash on that day, and tendered same in accordance with the requirement in the order to show cause, i.e., that the sum of $1,000 first be deposited before he could have his requested relief (vacating the default) and his day in court. A clerk at the window refused to accept the $900 tendered by the tenant herein stating that it was not the proper amount. The tenant went home and came back the next day, December 19, 1978, and demanded that he be brought before the Presiding Judge of the Landlord-Tenant Part. He was brought before me and the history of the proceeding was related to me.
Does the statute require a tenant to deposit moneys in court as a condition for relief, namely, opening a default, to permit a hearing or trial when the tenant alleges no service in his affidavit.
The practice of requiring deposits began as a mimeographed "Guideline” (No. 431) issued May 24, 1977, by the then former Administrative Judge of the Civil Court. It states in part:
"1. Except where the tenant alleges lack of service or evidences proof of payment of the rent demanded in the Petition, a deposit of rents shall be ordered as a condition to the signing of the Order to Show Cause. Said condition shall *883 be written on the face of the Order to Show Cause. A rubber stamp in aid of said writing has been provided each county division of the Housing Court.
"2. The Order to Show Cause shall be made returnable in approximately one week and the deposit required to be made in Court within five days. Thereby, a tenant has time to bring his copy of the Order to Show Cause to the Department of Social Services in order to obtain emergency rent funds where appropriate.
"3. The Order to Show Cause shall be signed without the imposition of a rent deposit when the tenant alleges lack of proper service. Since the jurisdiction of the Court is thereby placed in issue, the tenant should be personally questioned by the Court concerning the same.”
Depositing rents in court has grown in magnitude from said "Guideline” to become accepted practice today. Many of my colleagues require deposits prior to granting orders to show cause and prior to granting applications for adjournments. It is interesting to note that if a tenant claims that payment has been made (admittedly, that is not the case herein because the tenant tendered almost the full balance allegedly due), then, in effect, the court is taxing the respondent in order to have his day in court, despite the pronouncement that taxation without representation is tyranny.
In this particular case, the defendant admits nonpayment, but denies service of process, and this $1,000 deposit requirement is nothing more than judicial extortion to obtain a trial of the issues raised. It violates all of the due process requirements of American jurisprudence.
People daily wait in long lines for long periods of time in order to reach a clerk at the window to receive assistance. The tenant herein waited for hours, and after having prepared affidavits in support of this application for an order to show cause, he was then denied access to a Judge, who is responsible for the orderly disposition of court matters, including orders to show cause. This tenant was, in seeking an ear of the Bench, trying to prevent his family and their possessions from facing an imminent eviction and from finding themselves five days later out on the sidewalk. We then would have a situation where justice would be conducted in the marketplace and where the Marshal and the landlord and the tenant would try to settle the matter out in the street. The court becomes a rent collector, even before the fact is determined as *884 to whether or not the rent is due and whether or not there was jurisdiction in the first instance, by proper service of the papers herein.
This rent deposit guideline mushroomed so far and to such magnitude that the finance administrator is now involved, requiring the labor and attention of many clerks and individuals on a municipal payroll. It requires many people to process these illegally mandated funds, starting with a clerk at a Landlord-Tenant Part window, who receives the funds, clerks who make up deposits, clerks who bring moneys to depositories, mountainous receipts and paperwork recording same into the offices of the finance administrator, and eventually, the process is reversed when an order is signed releasing the funds. All of this consumes the time and personnel of the court who are sorely needed to perform more important court duties.
This case is civil litigation. Nonetheless, it is interesting to note that in a criminal case, the felon charged with a heinous and vicious crime, can get a trial whether or not he puts up bail. If he cannot make the bail, he stays in jail, but still receives a trial. The presumption, in this instance, is that he is innocent until proven guilty. Is a tenant who claims, in a sworn affidavit, that he never received service of civil litigation not entitled to the same speedy trial given to a criminal? A man’s home used to be his castle. Here, we remove a man and his family from this castle without a trial and without his protection of due process.
Judge v Carol Motor Sales (112 NYS2d 886) holds that "The default suffered by the defendant was an unintentional one and it was an abuse of discretion on the part of the court below to impose $25 costs as a condition for granting the motion to open the defendant’s default.”
Aiello v Baldasare (17 Misc 2d 449, 450) holds that "The record shows that the default herein was not willful. It was, therefore, improper to require the defendant to post a bond or other security”.
Ettlinger v Lepow Securities Corp. (21 Misc 2d 262, 263) holds that "Where the record shows a default was not willful it is improper to require the posting of cash or a bond as a condition of opening the default.”
In Eversman v Collodo (88 Misc 2d 86), the Appellate Term, First Department, held that in a nonpayment summary proceeding, the adjournment conditioned upon the payment into *885 court by the tenant of the amount prayed for in the petition was erroneous and tenant was given the right to litigate the merits of the case.
This court is not unmindful of the Appellate Term decision in the Second Department of Cedmott Co. v Annenberg (NYU Sept. 26, 1978, p 14, col 5). In that case, the Appellate Term, in a very brief, one paragraph decision stated "Under the circumstances presented in this nonpayment summary proceeding, the court below did not abuse its discretion when it required tenant to deposit the rent into court as a condition to granting his application for an adjournment (see CCA sec. 1302 subdiv. [a]). Tenant’s unexcused failure to comply with this condition warranted a denial of his motion”.
Of course, the facts in this case are not the same as those in the Cedmott case, because in that case, there was an unexcused failure to comply. In the case at bar, the excuse, if accepted, was excusable. In any event, the Appellate Term cites section 1302 of the New York City Civil Court Act, which provides:
"Adjournment of trial.
"The trial of an action may be adjourned:
"(a) By the court for good cause shown and upon such terms and conditions as the court may deem just.”
Nowhere in the old CCA nor in the current Real Property Actions and Proceedings Law is there a statutory requirement for deposit of rents into court. It was created and prescribed for this court without legislative sanction.
The Constitution of the United States provides for due process in the Fifth Amendment and for due process and equal protection of the laws in the Fourteenth Amendment. The Constitution of the State of New York, likewise, mandates equal protection in section 11 of article I and requires due process in section 6 of article I, and pledges, in section 9 of article I that no law shall be passed abridging the rights of the people to peacefully petition the government. In fact, the Preamble to the Constitution of the United States, as its primary proposition, states that "We the People” in order to "insure justice” have created this Constitution.
Boddie v Connecticut (401 US 371) dicusses due process and states that the primary and procedural due process requisites for a hearing can vary upon the importance and the interests involved and the nature of the subsequent proceedings. That *886 case also holds that due process requires that an individual be given an opportunity for a hearing before he is deprived of any significant property interest.
Brown v Maryland (25 US 419) provides that the privileges and immunities which the Constitution requires cannot be defeated or impaired by means of mere forms, and Fuller v Clañin (93 US 14) holds that there is no statutory right or authority to deny a defendant his rights via an order to the effect which strikes out an answer. It states that the failure to give due process is an ending of the case, leaving the action undefended and with a right to immediate judgment to the landlord.
This court holds the practice hereinabove recited as a denial to the defendant of his right to be heard in defense of the claim made against him. Due process of law signifies a right to be heard in one’s defense and to have a day in court.
Notwithstanding the fact that "Guideline” (No. 431) specifically excludes deposits into court in matters where the tenant alleges lack of service of process or payment of rent, it is the conclusion of this court that to require deposits of money is illegal in any situation.
This is an area where the Legislature should speak after conducting public hearings and investigations as to the merits and consequences of the requirement of rent deposits into court.
Accordingly, I have set this matter down for trial for January 8, 1979, without the requirement that rents in the sum of $1,000 be deposited with the clerk of the court.