■ ORANGE COUNTY DEVELOPMENT CORP., Appellant, v SELF-SERVICE PRODUCTS OF HINMANS CORNERS, INC., Respondent. — Appeals from orders of the County Court of Broome County, entered May 19, 1980 and November 10, 1980, which (1) denied petitioner's application for a trial date, and granted respondent's cross motion to dismiss the petition for failure to prosecute, and (2) denied petitioner's subsequent application to vacate said order of dismissal. In November of 1972, petitioner initiated this summary proceeding to recover the possession of real property based on respondent's alleged nonpayment of rent. An answer was served on December 18, 1972. The matter was thereafter delayed pending discovery proceedings which were ultimately conducted in 1974 pursuant to court order. There were no further proceedings before the trial court until November of 1979 when an application for a trial date was made by petitioner. Upon respondent's cross motion to dismiss for failure to prosecute, the trial court concluded that the matter was abandoned (CPLR 3404), and, additionally, that it had not been prosecuted within the 10-day time limitation set forth in section 745 of the Real Property Actions and Proceedings Law since there was no showing of any consent to such a lengthy adjournment of trial by all parties. While, technically, the provisions of CPLR 3404 do not apply to this proceeding, the order must be affirmed. The extreme delay herein plainly indicates an intent to abandon prosecution and, more significantly, no application was ever made to the trial court by either party requesting an adjournment based on mutual consent (cf. *Cotignola v Lieber,* 34 AD2d 700, 701; RPAPL 745). Assuming, without deciding, that such an order could be vacated on the ground of excusable default (CPLR 5015, subd [a], par 1), we discern no abuse of discretion committed by the trial court in denying petitioner's subsequent motion. Respondent's consent to an adjournment after discovery proceedings were completed was neither established nor can it be fairly implied from the discussions between the parties. In short, petitioner's claimed excuse for such protracted inactivity was notoriously weak. Orders affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM B. WILLIAMS, Appellant. — Appeal from a judgment of the County Court of Chemung County, rendered September 19, 1979, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree. Judgment affirmed (see *People v Whidden,* 51 NY2d 457). Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.