OPINION OF THE COURT
George M. Fleary, J.
This proceeding appeared before me in Part 36 of the Housing Court on the tenant’s motion to vacate a default by order to show cause which mandated a $600 deposit to the Finance Administrator of the City of New York as a prerequisite for judicial attention herein.
The petition by the landlord demands four and one-half months’ rent at $276 per month, late charges of $37.50 (which consists of charges of $7.50 for five months) and attorney’s fees in the amount of $45.
A hearing was held and the tenant admits owing rent. She is a recipient of public assistance. She testified she did not put up the $600 deposit because she only has $300.
CCA 110 confers extensive power on the judiciary to protect housing in the City of New York.
The imposition of “late charges” and “expenses” as part of the petition has become a consistent and regular demand in many nonpayment proceedings. It is a mounting practice and is a scheme by landlords to raise rents. It results in countless thousands of dollars of taxpayers’ money being paid out by the city treasury through final judgments *902 which are accepted and paid through welfare funds. Tenants are entitled to know their obligations under the terms of their tenancy and not be subject to the whims of the landlord for a fluctuation of their indebtedness. Tenants should know their obligations without any roller coaster or seesaw effects in the monthly rent. The tenant knows that if he is late in payment he will be taken into Housing Court.
The Legislature agonized over a small increase in fares, but here the landlord adds a substantial increase to the regular rent without legislative sanction. The legislative remedy is a proceeding under RPAPL 711 to collect delinquent rent with an allowance for costs by statute; nothing more.
Query — Can a tenant counterclaim for a bonus allowance in those cases where he paid rent before the due date? Clearly the answer is no.
Petitions for rent must be more rigorously scrutinized by the courts. They should no longer be granted in automatic fashion.
The issue in this case is can a landlord demand arbitrary late fees as rent in a nonpayment matter. I do not dispute that the lease is a contract between the parties and provides for extras as “rent”. But it is clear that the landlord proceeds by authority of RPAPL 711. That section gives him a claim for rent only. RPAPL 711 (subd 2) states “The tenant has defaulted in the payment of rent, pursuant to the agreement under which the premises are held”. The subject matter of a special proceeding under RPAPL article 7 is a dispute over the right of possession of real property. (RPAPL 701; Cotignola v Lieber, 34 AD2d 700.) The purpose of the article is to provide a simple, expeditious and inexpensive adjudication of disputes between landlord and tenants over rights of possession. (5 Warren’s Weed, NY Real Property [4th ed], Summary Proceedings, § 1.03.) Though a special proceeding under RPAPL article 7 may include a cause of action for unpaid rent, such summary proceeding is nonetheless in rem and purely possessory. (Rasch, NY Landlord & Tenant [2d ed], Summary Proceedings, § 995; 5 Warren’s Weed, NY Real Property [4th ed], Summary Proceedings, § 1.03.) Therefore any other cause *903 of action between a landlord and tenant may not be part of the petition. (Allyn v Markowitz, 83 Misc 2d 250.)
In a special proceeding pursuant to RPAPL article 7, a court has no jurisdiction to adjudicate a monetary claim other than rent allegedly owed. (Rasch, NY Landlord & Tenant [2d ed], Summary Proceedings, § 995; Allyn v Markowitz, 83 Misc 2d 250, supra.) The petition is sworn to by the landlord or his agent in which he affirms that the tenancy is governed by the rent control laws. He must comply strictly with the rights conferred thereunder. He cannot add to nor take away from the clear language of the statute. The Legislature provided in RPAPL 753 that any provision of a lease or other agreement whereby a lessee or tenant waives any provision of law (e.g., rent stabilization, etc.) is against public policy and is void (RPAPL 753, subd 4).
Significantly, the maximum base rent is set by an agency having control of rents. How can a landlord now seek and ultimately recover excessive sums (especially from public funds) after having first sworn to a lesser sum as the maximum permitted amount? How can he secure a judgment that exceeds rent limits without statutory authority? This practice amounts to rent overcharging.
A landlord may seek to recover no more than the current three months’ rent. (Maxwell v Simons, 77 Misc 2d 184.) The landlord in essence selected the forum. He could have immediately brought a summary proceeding in Housing Court for nonpayment of rent, receive a quick trial and determination of the issue resulting in a warrant of eviction, if successful, or he could bring an action at law and assert contract rights.
A landlord may not recover attorney’s fees as part of his petition for rent (Bay Park One Co. v Crosby, 101 Misc 2d 586).
A landlord may not deprive a tenant of a trial where said tenant has failed to comply with an order to deposit rents before a trial can be had (Parkway Co. v Washington, 97 Misc 2d 881). It is significant to note that this latter case has been cited and in fact affirmed and the determination approved and upheld by the Appellate Term, Second Department, in a recent case. In Clinton Hill Equities Group v *904 Fernandez (NYLJ, Nov. 2,1983, p 13, col 6), the Appellate Term stated that the failure to make such a deposit will not bar a trial on the merits.
Residential housing in New York City is scarce. Welfare recipients have limited funds. Today the City of New York has limited funds, and the practice of having the city pay late charges and other “additions” to rent in summary proceedings is wrong and any such provision in a lease is null and void.
In 420 East 80th Co. v Chin (115 Misc 2d 195, 196), the Appellate Term in a unanimous decision agrees that “Judicial notice can be taken that the vacancy rate for rental apartments in this city is virtually nonexistent.”
In Matter of Park East Land Corp. v Finkelstein (299 NY 70), it was stated “[i]n the housing field these are not ordinary times and ‘strict adherence to technical concepts of landlord and tenant law’ which might have justified eviction in the past is now to be avoided”. (420 East 80th Co. v Chin, 115 Misc 2d 195, 196-197, supra.) I agree. As pointed out previously, if money is the issue, the landlord has the option to choose the Civil Court as the forum to litigate the issue.
Accordingly, all claims for attorney’s fees, late charges and rents beyond the current three months are hereby severed and dismissed without prejudice to an action at law for recovery of same without the “possession” possibilities.
Final judgment for landlord for the current three months’ rent, $828. No costs. Ten days’ stay.