OPINION OF THE COURT
Philip S. Straniere, J.
Respondent has submitted an order to show cause seeking to prevent the marshall from executing a warrant of eviction requested by the landlord in this action.
On October 21, 1997 counsel for the petitioner submitted an affirmation which requested that the clerk of the court issue the warrant of eviction since the respondent had failed to comply with the terms of the stipulation entered into between the parties and “so ordered” by the court on August 6, 1997. One of the terms of the stipulation required the respondent to pay the sum of $388.30 on or before October 20, 1997. Petitioner alleged that the respondent defaulted in regard to *325 this clause; a fact agreed to by the respondent in her affidavit in support of the order to show cause. Respondent contended that she now has the ability to pay the balance that was due on October 20, 1997.
In addition to the above clause, the stipulation provided that a money judgment would be entered against the respondent in the amount of $3,825 with a warrant of eviction being issued forthwith, but with the execution stayed until December 20, 1997, provided the tenant made payments pursuant to a schedule set forth in the stipulation. There is no evidence to indicate that the tenant has not made the first two payments totalling $2,660 as provided for in the agreement, as well as paying her September and October rent in a timely manner. There remained three payments to be made, each totalling $388.30, on October 20, 1997, November 20, 1997 and December 20, 1997.
Effective October 17, 1997 the New York State Legislature added RPAPL 747-a (L 1997, ch 116). This section states:
“Judgments; stays.
“In the city of New York, in any non-payment summary proceeding in which the respondent has appeared and the petitioner has obtained a judgment pursuant to section seven hundred forty-seven of this article and more than five days has elapsed, the court shall not grant a stay of the issuance or execution of any warrant of eviction nor stay the re-letting of the premises unless the respondent shall have either established to the satisfaction of the court by a sworn statement and documentary proof that the judgment amount was paid to the petitioner prior to the execution of the warrant or the respondent has deposited the full amount of such judgment with the clerk of the court.”
Retroactivity of Statute
The court notes that there is no specific language to make the application of this section prospective only and thereby limit it to actions and proceedings commenced after the October 17,1997 date. RPAPL 747-a applies to judgments arising under RPAPL 747, a statute that has been in effect since 1962 (L 1962, ch 312). A judgment, after it becomes final, may not be affected by subsequent legislation. (McKinney’s Cons Laws of NY, Book 1, Statutes § 58.) Therefore, the Legislature may not pass a statute authorizing the modification of past judgments, where previously the court had no power to make the modification (Burch v Newbury, 10 NY 374 [1852]).
*326 However, certain judgments are subject to a continuing power of judicial supervision and even when appeals with respect to the judgment have been exhausted they are not necessarily so final as to make subsequent statutes inapplicable to them. In the case of divorce decrees the court performs a continuing function and the courts have been permitted to apply punishment for contempt to past as well as future judgments (Christiano v Christiano, 204 App Div 47 [4th Dept 1922]). Owing to the nature of landlord-tenant proceedings and the fact that many of them are resolved by stipulations of settlement that require one or both of the parties to continue to perform some obligation over a period of time, the courts are often involved in monitoring these settlements for months, if not years, while the parties resolve open issues. As such, the nature of the summary proceeding is closer to the matrimonial situation, where the courts have allowed the retroactive application of statutory changes to the judgment. RPAPL 747-a can be applied retroactively to money judgments since it does not go to the essence of the judgment itself but only affects a postjudgment remedy.
Although the new section, RPAPL 747-a, talks about judgments, an argument could be made that the requirement of posting the money judgment is a procedural matter and, therefore, is covered by McKinney’s Consolidated Laws of NY, Book 1, Statutes § 55 which states:
“Procedural matters.
“Generally procedural statutes constitute an exception to the general rule that statutes will not be retroactively construed, and such statutes will be applied to pending cases except where their effect is to create a remedy where none previously existed.”
The fact that the legislation deals with the ability of the tenant to have access to the courts by use of an order to show cause establishes this as a procedural issue rather than a substantive one; as such, it can be applied retroactively. Further supporting this contention is the legislative history that shows that the reason such a law was enacted was to prevent tenants from delaying evictions in nonpayment proceedings when they lack the financial ability to pay the amount due or the amount they agreed was due the landlord in a stipulation of settlement.
The judgment entered into as result of the stipulation of settlement was issued on August 6, 1997 prior to the effective date of the statute. It is a judgment pursuant to RPAPL 747. *327 The default in making the payments by the tenant occurred on October 20, 1997, after the effective date of RPAPL 747-a. As a result, the court is faced with deciding whether or not the tenant must post the entire money judgment in order to obtain a stay of the warrant of eviction pending a determination of the issues raised in the affidavit submitted in support of the order to show cause.
Equal Protection Issues
As this action involves not only a money judgment but also an awarding of the possession of the premises to the landlord if the tenant does not comply with the stipulation of settlement, the new sections of the statute must be read in conformity with the current law. RPAPL 749 (3) states: “nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof’. If the tenant is required to post the entire amount of the judgment outstanding, the court is being deprived of the discretion it was given under RPAPL 749 to evaluate each application on its merits and since the Legislature did not change that section of the law an attempt must be made to read the two statutes together. Further, logic dictates that if a tenant has entered into a payment schedule acceptable to the landlord in a stipulation of settlement, it is more likely because the tenant and the landlord recognize that the tenant lacks the financial ability to pay the entire amount due in one lump sum. To use a delay in making one of the scheduled payments as the triggering of a requirement to pay the balance due or the total amount of the judgment in effect negates the agreement of the parties, deprives the court of its discretion to monitor the stipulation and makes access to the court available only to those who can afford to make payments. Clearly, this cannot be what the Legislature intended. Such a result is out of context with the long history of jurisprudence in this State of giving our citizens a fair opportunity to litigate matters and, in particular, to insure that access to the court system is not a function of wealth.
Additionally, the statute does not make any provision for those tenants who receive assistance from the Department of Social Services or the Jiggetts program and are awaiting payment, which may be delayed. These tenants may be evicted because of the bureaucratic process and are therefore denied access to the courts and the opportunity to explain the situation. An eviction resulting from this would violate equal protection.
*328 RPAPL 753, in holdover proceedings, permits the court to require the payment of installments for use and occupancy during the period of occupancy after the termination of the lease and provides guidelines for the calculations of the amount to be paid and for the crediting of the payments. RPAPL 755 (2) requires a deposit of the “rent due” in order for the tenant to obtain a stay of a dispossession proceeding when an issue arises as to the repairs being made by the landlord. Although both of these statutes require the tenant to deposit money into court or directly to the landlord, neither of them deprives the tenant of access to the court and a hearing on an order to show cause.
This statutory language stripping the court of its discretion to decide in what situations, if any, a tenant will be required to post money violates the Equal Protection Clause of the New York Constitution (art I, § 11).
Analysis of the wording of the legislation supports this finding. The use of the word “shall” in the language of RPAPL 747-a cannot mean “must”. It can only be determined that prior to signing an order to show cause that would stay an eviction, the court should make inquiry into the tenant’s ability to comply with the terms of the stipulation and “may” require the posting of the money as a condition of the issuance of an order to show cause. If “shall” means “must”, then the new statute violates the New York Constitution’s insuring of equal protection of the law.
Due Process Issues
The citizens of the State of New York are guaranteed the right not to be deprived of life, liberty or property without due process of law (NY Const, art I, § 6). The court finds that, based on the facts of this situation, the tenant is entitled to the stay of the eviction pending a hearing on the order to show cause, upon the payment of the money due and owing to date, as set forth in the last stipulation, and not upon the posting of the entire judgment amount; for not to do so would violate the Due Process Clause. Further, a literal reading of the language of the statute requires the payment of the entire money judgment amount and makes no provision for crediting the tenant with payments made to reduce the amount owed the landlord. As written, the statute, by calling for the entire judgment to be deposited, would necessitate the tenant paying money into court in excess of the amount owed in order to have a hearing on the order to show cause; again, such a literal reading of the *329 statute makes no sense. If the court is mandated to require the tenant to post the entire amount of the judgment, then the tenant is being deprived of his or her property, the excess deposit, and there is a taking without due process of the law. There is no logical or legal reason to insist that more money than is actually owed be paid into court by the tenant in order to have a hearing. Due process includes the right to have a hearing and establish any defenses that exist in a particular situation, free from the fetters of financial ability to pay. (Parkway Co. v Washington, 97 Misc 2d 881 [Civ Ct, Kings County 1979].) The inability of the tenant to post the entire money judgment would result in the tenant being evicted from the apartment and deprived of that property right without a hearing and in violation of the Due Process Clause.
Enforceability of Stipulations
In the case at bar, the judgment that was entered pursuant to RPAPL 747 was, as a result, stipulation of settlement between the parties dated August 6, 1997 and “so ordered” by the court. RPAPL 747-a, if valid, for all intents and purposes, negates the stipulated settlement and prohibits the tenant from seeking to have the court redress any grievance that arises between the parties once an execution of the warrant of eviction has taken place without the posting of the entire money judgment. The tenant is precluded from raising any defense to the eviction and obtaining a stay in this action if the ability to pay the entire amount is not present. CPLR 2104 recognizes the existence of a stipulation and that it is, in fact, a contract between the parties; as such, it is enforceable either by a motion in the action to which the settlement relates or by a plenary action to determine the parties’ rights. The wording of RPAPL 747-a precludes the use of a motion or order to show cause to resolve any issues arising in the current action unless the tenant can post the entire amount of the money judgment. For example, had the landlord been required to make repairs or do some other act as a condition of the stipulation, the tenant, by withholding a payment, would risk either eviction or financial ruin without the intervention of the court. It does not prevent the tenant from bringing a plenary action to determine her rights, however, and since neither the CPLR nor the stipulation, by its terms, require the posting of the entire money judgment owed in order to stay the execution of the warrant, the tenant could institute a special proceeding under its own index number to stay the eviction and circumvent the deposit *330 requirement. In this manner, the court could set whatever terms it felt would be just and proper as a term and condition for the issuance of a stay in the plenary order to show cause.
Such a tactic is, of course, absurd. It would further tax an already overburdened court with additional unnecessary filings and, although the purchasing of a new index number and the collecting of other fees connected with this type of action would generate additional income for the court system, there is nothing in the legislative history of RPAPL 747-a to indicate a pecuniary motivation for the Legislature similar to that evidenced in the adding of CPLR 306-a and 306-b. Further, such a tactic anticipates a sophisticated litigant familiar with the vagaries of the judicial system, a knowledge that the court is unwilling to attribute to pro se litigants in landlord-tenant actions in general and to this litigant in particular.
Since a method exists under the CPLR to circumvent RPAPL 747-a, the statute becomes surplusage and unenforceable as written. The only way to read it consistently with current law is to interpret it as containing advisory language and not mandatory predicates.
Right to a Stay
Courts in New York have had a right to grant a stay of any proceeding. CPLR 2201 states: “Except where otherwise prescribed by law, the court in which an action is pending may grant a stay of proceedings in a proper case, upon such terms as may be just.” The amendment provided by RPAPL 747-a seeks to negate this historical grant of discretion to the courts in actions based on nonpayment of rent; however, as written RPAPL 747-a contradicts this CPLR section. The CPLR gives the court the discretion to grant stays upon such terms as may be just in all cases except in situations where the court has been denied the right to grant a stay. RPAPL 747-a does not seek to eliminate a situation in which a stay may be granted, but seeks to deprive the court of its discretion to do so. Therefore, the new statute, as written, contradicts the CPLR and RPAPL 749 and is not enforceable. The legislation is overly broad in its application. It was passed to remedy a situation in which tenants who had no ability to pay the rent adjudged due and owing were given stays from eviction by the court just by filing an order to show cause. No consideration was given to the landlord’s position and economics by the wholesale issuance of orders to show cause. This problem could have been remedied by the Legislature writing a coherent statute that *331 left the court with its historic discretion and gave it constitutionally acceptable guidelines to apply to end inequities that were perceived to exist.
Conclusion
For the reasons stated above, RPAPL 747-a is unconstitutional. In particular, it is not applicable to a judgment entered after stipulation between the parties when the tenant has made payments to substantially reduce the amount of the judgment entered.
The court is well aware of the legal strictures that favor a finding that legislation is constitutional (McKinney’s Cons Laws of NY, Book 2, Constitutional Interpretation § 41 et seq. [1982 ed] [Constitutionality of Statutes]). However, a statute that bases access to the court on an ability to pay is an anathema to both the United States and New York Constitutions, and a violation of the long history in this State of recognizing the individuality of its citizens and insuring that the individual’s rights are protected and aired in a nonpartisan forum.
The fact that the court could grant the show cause order without permitting any stay of enforcement and set the matter down for an immediate hearing, does not correct the numerous imperfections with the statute. It is not a viable alternative in those situations where the marshall is at the door; it presumes that service of the order can be made on the landlord and the marshall quickly and that the court can calendar the matter before the marshall acts; presumptions that are not necessarily borne out by the everyday reality of dealing with the myriad of landlord-tenant problems in the City of New York
Pursuant to the inherent authority of the court to set terms and conditions that it deems just and proper before granting an order to show cause, the court determines that the order to show cause is granted on the condition that the tenant post $388.30, the amount that was due on October 20, 1997, with the court.