*918 OPINION OF THE COURT
Michael F. McKeon, J.
In this summary proceeding commenced by an order to show cause, petitioner Auburn Housing Authority seeks possession of 315 Melone Village, Auburn, New York, on the grounds that the respondent forged the signature of a purported cotenant on an application for a two-bedroom apartment. The forgery came to light when the purported cotenant applied for an apartment on her own approximately two weeks after the respondent commenced her tenancy. The respondent admitted she signed the name of her purported cotenant but claims she had her permission.
Respondent argues that petitioner failed to follow their own regulations in attempting to terminate her tenancy. Specifically, she alleges that 9 NYCRR 1627-7.3 (b) requires a housing authority, prior to commencing a summary proceeding, to serve a 30-day notice to vacate (petitioner did serve a notice to evict on less than 30 days’ notice on June 12, 2006 which was legally ineffective). Respondent further contends that because she has the right to appeal her termination to the Authority Board of Review (9 NYCRR 1627-7.3 [e]) and because she failed to receive a 30-day notice, her right to appeal has not ripened and thus cannot be evicted.
On review of the applicable regulations, this court concludes that the respondent’s reliance on the two regulations cited above is misplaced. The sections cited by the respondent require a housing authority to provide a review of the termination of a tenancy only in situations where the tenant is alleged to have violated a standard of desirability (see 9 NYCRR 1627-7.2). The requirements for review do not apply where grounds exist to commence a summary proceeding (see 9 NYCRR 1627-6.3) separate and apart from a breach of the desirability standards.
While the respondent’s argument is without merit, there remains an issue concerning the court’s jurisdiction over this proceeding. The legal basis of the instant summary proceeding is that the respondent, by forging the signature of an alleged cotenant, willfully misrepresented a material fact which affected her continued occupancy of a two-bedroom apartment in violation of 9 NYCRR 1627-6.3 (a) (2). Her forgery allowed her to obtain and occupy a two-bedroom apartment, one she would not have been eligible for as a single applicant.
RPAPL 711 sets forth the legal grounds upon which a summary proceeding may be commenced. The proceeding being *919 entirely statutory in origin, there must be strict compliance with the statute in order for the court to exercise jurisdiction. (Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; see also Cotignola v Lieber, 34 AD2d 700 [1970].)
Misrepresentation of a material fact on a rental application is not a ground listed in section 711 upon which a summary proceeding may be initiated. While 9 NYCRR 1627-6.3 does state that a housing authority may commence a summary proceeding in cases of misrepresentation as well as other grounds (some of which also are not listed in section 711), it is well-settled law that an administrative regulation cannot supercede, amend, modify or expand a duly enacted statute by a legislative body, since the authority to issue such regulations is conferred by a statute. (See generally 2 NY Jur 2d, Administrative Law §§ 180-181.) This court therefore lacks jurisdiction.
Accordingly, petitioner’s order to show cause and petition are hereby dismissed without prejudice and without costs to file a plenary action in a court having jurisdiction or to commence a proceeding in this court in compliance with its own regulations and RPAPL 711.