OPINION OF THE COURT
Scott Fairgrieve, J.
Facts
On November 24, 2009, petitioner Gail Ward-Evans filed a nonpayment petition against respondent Alfred Evans, her former husband, alleging $6,600 in rent arrears had accrued from January 2009 through November 2009 concerning the cooperative apartment located at 190 West Merrick Road, apartment 3F, Freeport, New York.
Written Agreement
The petitioner and respondent entered into a stipulation of settlement dated June 4, 2008 to resolve the marital action pending in the Supreme Court, Nassau County, under index No. 2008/200182. As part of the settlement, the parties agreed that each party would pay $600 each month toward the line of credit with Washington Mutual Bank. Specifically, article VI (B) states:
“RESPONSIBILITY FOR DEBTS
“The parties agree to pay $600.00 each [and] every month towards the line of credit account with Washington Mutual bank, account number xxxxxxxxxx, which is jointly held until balance is fully paid. If either Husband or Wife defaults or fails to pay his or her share of the monthly payment, all monthly default payment amount(s) will be deducted from the Husband’s or Wife’s share of proceeds when the property is sold.”
Apparently, the line of credit was taken out against the subject premises, which the parties agreed in article XIV that they owned as tenants by the entirety. Article XTV states:
“MARITAL ABODE
“A. The parties acknowledge that they presently own, as tenants by the entirety, the marital residence located at 190 West Merrick Road, Apartment *442 3F, Freeport, New York (Cooperative apartment), although the property is in the wife’s name alone . . .
“B. Until the property is sold . . . the husband shall continue to occupy said property and . . . pay all mortgage payments, maintenance fees, taxes, and insurance thereon until such sale . . .
“C. The parties agree that should husband fail, neglect, refuse or default to make payments on the mortgage . . . the wife shall be at liberty to protect her credit by making any delinquent payment(s). Any payment(s) made by the Wife shall be deducted from the husband’s proceeds or entitlements and credited to the wife when the property is sold and same with interest of 9%.”
The divorce stipulation unequivocally characterizes the subject property as “marital property” and both parties as “tenants by the entirety.” The stipulation does not create a landlord-tenant relationship. Under RPAPL 711 (2), a special proceeding to recover possession of real property may be maintained against a tenant who has defaulted in the payment of rent, pursuant to an agreement under which the premises are held. In this case, the petitioner cannot maintain a summary proceeding against the respondent, based upon a nonexistent agreement to pay rent.
The money sought by the petitioner is not rent and no landlord-tenant relationship is created by the marital stipulation of settlement. In a summary proceeding to recover possession of real property, this court has no jurisdiction to adjudicate monetary claims other than for rent or additional rent. See Tivoli Assoc. v Wing (122 Misc 2d 901, 903 [Civ Ct, Kings County 1984]), wherein the court stated: “In a special proceeding pursuant to RPAPL article 7, a court has no jurisdiction to adjudicate a monetary claim other than rent allegedly owed. (Rasch, NY Landlord & Tenant [2d ed], Summary Proceedings, § 995; Allyn v Markowitz 83 Misc 2d 250, supra.)”
Conclusion
This court finds it does not have the jurisdiction to hear this case. Therefore, the petitioner’s motion for summary judgment is denied and the respondent’s cross motion for an order dismissing the within proceeding is granted.