Oscar Murov, J.
This is a proceeding brought by way of petition to recover possession of certain premises.
The facts reveal that the respondent tenant moved out of the premises because it required larger quarters. Respondent contends the premises were not abandoned by it since they were continued in use for purposes of storage of merchandise and other equipment and that equipment used in connection with the use of the premises, consisting of a water cooling tower, cooling system and supplementary electrical systems installed by respondent, are still located therein. The court has found the only items of significance left upon the premises are the various equipments installed by the respondent.
Thereafter, payments of rent for the months of January and February, 1973 were accepted by petitioner with knowledge that respondent had moved, but the payments tendered in March, after petitioner served notice of its intention to terminate the lease, has been rejected.
Paragraph 17 of said lease provides in part as follows: 66 It is expressly understood and agreed that in case the demised premises shall be deserted or vacated * * * the Landlord
may, if the Landlord so elects, at any time thereafter terminate this lease and the term hereof, on giving to the Tenant five days’ notice in writing of the Landlord’s intention so to do, and this lease and the term hereof shall expire and come to an end on the date fixed in such notice as if the said date were the date originally fixed in this lease for the expiration hereof.”
The lease contains a nonwaiver clause couched in the usual language for such clauses, to wit: 1 i The failure of the Landlord to insist upon a strict performance of any of the terms, conditions and covenants herein, shall not be deemed a waiver of any rights or remedies that the Landlord may have, and shall not be deemed a waiver of any subsequent breach or default in the terms, conditions and covenants herein contained. ’ ’ Hence, even though petitioner may be deemed to have waived the termination option for the breaches, if any, during the period when rent payments were accepted, he is not deemed to waive the right to terminate with respect to any breach or default thereafter. *318 (Paul Pleating & Stitching Co. v. Levine, 137 Misc. 82.) It was held in the cited case that a subsequent breach was waived by the landlord because the course of conduct had been there established for the acceptance of rent by the landlord after the first of the month thus leading the tenant to believe that a strict performance according to the terms of the lease was not insisted upon. Here the tenant had every reason to believe that the landlord would not be likely to overlook a breach, but would rather pounce upon any opportunity to lawfully terminate the lease.
The question now presented is: Were the premises deserted or vacated by respondent, as petitioner contends, even though the afore-mentioned equipment was not also removed? Respondent contends that it continued the use and occupancy of the premises for storage of equipment and merchandise. Petitioner argues, however, that the presence of said equipment upon the premises is insufficient to defeat the claim that premises were vacant, since they were permanent fixtures and not susceptible to lawful removal.
“ It is familiar law that, generally speaking, a fixture is a chattel which, although movable in its original state or condition, has been so affixed to real property as to become a part of the real property, and no longer removable by the original owner of the chattel without the consent of the owner of the fee.” (Raseh, New York Landlord and Tenant, Summary Proceedings [2d ed.], § 508, p. 636.) The rule differs in different relationships. It is broader and stricter as between vendor and vendee than as between landlord and tenant in the case of improvements made by the tenant (People ex rel. Interborough R. T. Co. v. O’Donnell, 202 N. Y. 313). It has been held that where there is a coalescence of the elements of actual annexation of a permanent nature, adaptability to the use or purpose to which that part of the real property with which it is connected is appropriated, and an intention to make thereby a permanent accession to the freehold (Voorhees v. McGinnis, 48 N. Y. 278; McRea v. Central Nat. Bank of Troy, 66 N. Y. 489) the object so affixed to the real property becomes a part thereof. (Phipps v. State of New York, 69 Misc. 295.)
But the property, the character of which shall be determinative of the issue of “ vacancy ”, consisting of “ a water cooling tower and cooling system and * * * supplementary electrical systems ”, was installed in conjunction with the respondent’s manufacturing activities. The articles are fixtures used in respondent’s trade and are characterized as u ‘ trade fixtures ’ which *319 have been defined to mean property placed by a tenant6 on rented realty to advance the business for which the realty was leased, and may, as against the lessor and those claiming under him, be removed at the end of the tenant’s term.’ ” (Webber v. Franklin Brewing Co., 123 App. Div. 465, 466, affd. 198 N. Y. 509).
The court should not question respondent’s motivation for leaving equipment stored on the premises, for, so long as they remain and are not abandoned, as a matter of definition, the premises were not vacant. As defined in Black’s, “vacant” connotes ‘ ‘ Deprived of contents, without inanimate objects. It implies entire abandonment, nonoccupancy for any purpose.” (Black’s Law Dictionary [4th ed.]). Webster’s calls it “ being without content or occupant” (Webster’s Third New Int. Dictionary).
The suggestion that the finding in I. H. P. Corp. v. 210 Cent. Park South Corp. (27 Misc 2d 964), that premises were not vacated “ because there were occupants at work daily and even during the evening. There were furniture and fixtures remaining on the premises and employees in constant attendance.” establishes the minimum standard for occupancy, seems to me preposterous. How many viable enterprises would be rendered vacated and deserted by such a standard!1 Such factors, in this court’s opinion, each by itself would tend to indicate occupancy. Two factors present herein and mentioned in I. H. P. (supra, p. 966), premises “ kept under lock and key ” and “ rent * * * regularly paid ’ ’, additionally indicate occupancy.
It is the court’s finding as a matter of fact and law, that the premises were not vacated as alleged by petitioner, and the petition, therefore, is accordingly dismissed.