ANTHONY PERROTTA, Appellant, v WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Respondent.

Fourth Department, December 16, 1983

2

APPEARANCES OF COUNSEL

*Paul M. Aloi* for appellant.

*John J. Gannon* (*William O'Reilly* of counsel), for respondent.

OPINION OF THE COURT

HANCOCK, JR., J.

To maintain a summary holdover proceeding a landlord must allege and prove that, as of the time the proceeding is commenced, the tenant remains in possession beyond the expiration of his term (RPAPL 711, subd 1). The tenancy must have ended automatically by lapse of time and not by election of the landlord to forfeit the lease for breach of a condition (see *Beach v Nixon,* 9 NY 35; 14 Carmody-Wait 2d, NY Prac, § 90:12; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 1006). If a clause in a lease provides that the lease cannot endure beyond the time when a contingency happens, it creates a conditional limitation upon the occurrence of which the lease automatically expires; a summary proceeding will lie to evict a tenant who remains thereafter (see 14 Carmody-Wait 2d, NY Prac, § 90:14; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 1008). Because such a proceeding is entirely statutory in origin, there must be strict compliance with the statute to give the court jurisdiction (see *Cotignola v Lieber,* 34 AD2d 700, 701; *Radlog Realty Corp. v Geiger,* 254 App Div 352; 14 Carmody-Wait 2d, NY Prac, § 90:8). The principal questions here concern two provisions in a lease and whether either constitutes a conditional limitation that would support a holdover proceeding, and, if so, whether the notice of termination served on the tenant and the allegations in the petition are sufficient to confer jurisdiction on the court.

Petitioner is the owner of a building on Buffalo Road in the Town of Gates, part of which was let to respondent

under a written lease for use as an off-track betting parlor. In October, 1979 respondent exercised its option to renew and in November agreed with petitioner to rent additional space. Shortly after respondent moved into the enlarged premises difficulties arose. Petitioner served a notice of termination on February 14, 1980 and began a summary proceeding in Gates Town Court alleging several violations of the lease. It obtained a favorable judgment. On the appeal from Town Court, County Court held that a summary proceeding would not lie for any of the alleged violations and that petitioner's remedy was an action in ejectment over which Town Court had no jurisdiction. Accordingly, it reversed and dismissed the petition with leave to bring an ejectment action in Supreme Court. Petitioner has appealed and we affirm.

The following provisions of the lease are pertinent:

"1st. That the Tenant shall pay the annual rent * * * said rent to be be paid in equal monthly payments in advance on the 15th day of each and every month during the term aforesaid, as follows: $458.33 per month. Tenant will pay its proportionate share of any increase in realty taxes after the 1975-76 tax is issued.

"4th. That the Tenant * * * shall not * * * make any alterations on the premises, without the Landlord's consent in writing * * * and *in the event of a breach the term herein shall immediately cease and determine at the option of the Landlord as if it were the expiration of the original term.*

"17th. It is expressly understood and agreed that in case the demised premises shall be deserted or vacated, or if default be made in the payment of the rent or any part thereof as herein specified * * * or if the Tenant shall fail to comply with any of the statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and Local Governments or of any and all their Departments and Bureaus, applicable to said premises * * * the Landlord may, if the Landlord so elects, at any time thereafter terminate this lease and the term hereof, on giving to the Tenant five days' notice in writing of the Landlord's intention so to do, *and this lease and the term hereof shall expire and come to an end on the date fixed in such notice as if the*

*said date were the date originally fixed in this lease for the expiration hereof.* Such notice may be given by mail to the Tenant addressed to the demised premises." (Emphasis added.)

The notice of termination advises respondent that its "term as tenant *has expired*" (emphasis added) and that it must vacate the premises within 10 days. The notice and the petition charge respondent with several violations of the lease including making alterations to the premises without the landlord's written consent, failure to pay the agreed upon increases in real estate taxes and allowing patrons and employees to park in fire lanes.[1] There was evidence in Town Court establishing these violations. Neither the notice of termination nor the petition makes reference to respondent's violation of paragraph 1 or to its failure to pay rent or real estate taxes as rent. Nor does either the notice or the petition refer to paragraph 17.

In examining paragraph 4 (forbidding alterations without written consent) we readily conclude, as did County Court, that the clause creates a condition and not a conditional limitation. The significant language is: "in the event of a breach the term herein shall immediately cease and determine *at the option of the landlord* as if it were the expiration of the original term" (emphasis added). Although the clause specifies that the term "shall immediately cease" upon the happening of the contingency (i.e., the making of alterations without the landlord's consent), this language does not become operative unless and until the landlord elects to exercise its option to give it effect. In holding a similar provision to be a condition, the court in

---

1. Pertinent portions of the notice follow:

"PLEASE TAKE NOTICE, that you have breached the covenants contained in the lease of the above described premises dated January 15, 1975 in that you have violated the provisions of paragraph '4th' of that lease which prohibits you from making any alterations of the said premises without the landlord's consent in writing * * * Further you have refused to pay any share of the increase in property taxes for the building, a violation of your lease, [and] allowed patrons and employees to park in designated fire lanes * * *

"[P]ursuant to those and other provisions of the lease authorizing the limitation of the term thereof and tenancy thereunder upon a breach of the said covenants and your general obligation as tenant of the premises, your term as tenant has expired and you must move your goods, equipment and employees from the premises within ten (10) days from the date of this notice."

Additionally the notice charged that conduct of respondent and its patrons in the off-track betting parlor was objectionable in several particulars.

the leading case of *Beach v Nixon* (9 NY 35, 36, *supra*) noted: "The lessor, upon breach, is not to be in immediately of his former estate, but, at his option, the * * * relation of landlord and tenant [is] to cease, and [is], of course, to continue, until he shall otherwise elect." Since the termination under paragraph 4 was by forfeiture for breach of condition and not by lapse of time, a breach would not make respondent a holdover tenant subject to a summary proceeding (see *Beach v Nixon, supra; Janes v Paddell,* 67 Misc 420).

Paragraph 17, in contrast to paragraph 4, provides that in the event of a breach "the Landlord may, if the Landlord so elects" terminate the lease by giving five days' notice in writing of its intention to do so "and this lease and the term hereof *shall expire and come to an end on the date fixed in such notice* as if the said date were the date originally fixed in this lease for the expiration hereof" (emphasis added).[2] County Court held, and we agree, that paragraph 17 creates a conditional limitation, for the lease, once the five-day notice is served, expires automatically on the happening of a specified contingency, the arrival of the termination date fixed in the notice (see *Matter of Miller v Levi,* 44 NY 489; 14 Carmody-Wait 2d, NY Prac, § 90:15, and cases cited at p 29, n 10; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], §§ 749, 750, and cases cited at p 198, n 8; cf. *Beach v Nixon, supra*). Unlike the clause in paragraph 4, it is not the tenant's conduct which, at the option of the lessor, operates on the lease to effect the termination. Under paragraph 17, lessor's option "is not one to terminate the lease, but merely to have the event, that is, the lapse of time fixed in a notice, occur which will without further action or option operate on the lease to cause it to expire on the occurrence of the event" (14 Carmody-Wait 2d, NY Prac, § 90:15, p 30; see 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 749).

Given that paragraph 17 creates a conditional limitation, the question is whether the petition should, neverthe-

---

2. We recognize that this is a frequently used standard clause (see, e.g., *Foureal Co. v National Molding Corp.,* 74 Misc 2d 316, 317; *Olivero v Duran,* 70 Misc 2d 882, 884; *Granet Constr. Corp. v Longo,* 42 Misc 2d 798, 800; 14 Carmody-Wait 2d, NY Prac, § 90:15, p 28; 2 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 751, p 202; 11A West's McKinney's Forms, Real Property Prac, § 6:412, p 277). While several cases have dealt with the clause at nisi prius, we are aware of no appellate decision addressing the issue of whether it is a conditional limitation.

less, have been dismissed. Petitioner contends that dismissal was error and that the proceeding was properly before Town Court because the lease had automatically expired pursuant to paragraph 17 by virtue of two violations of the lease asserted in the notice of termination: i.e., respondent's failure to pay the increased real estate taxes as increased rent and its violations of State and local enactments in blocking designated fire lanes. We disagree. The notice of termination, while specifying by number several paragraphs of the lease, makes no reference to paragraph 17. Nor does it advise the tenant, as provided by paragraph 17, that the term "shall expire and come to an end on the date fixed in [the] notice", i.e., five days from the date of the notice. On the contrary, it advises the tenant that its "term as tenant *has expired*" (emphasis added) and that it must move its "goods, equipment and employees from the premises within ten (10) days from the date of [the] notice." We decline to give the notice a strained construction so as to impart to it an effect that apparently was not intended (i.e., triggering the termination clause under paragraph 17). A contrary holding would violate accepted rules requiring strict construction of language in written instruments which could work a forfeiture (see *Gillette Bros. v Aristocrat Rest.*, 239 NY 87, 92) and of the statutory provisions creating the summary proceeding remedy (see *Cotignola v Lieber*, 34 AD2d 700, 701, *supra*).

The notice of termination in reciting respondent's refusal to pay any share of the increase in property taxes could not, in any event, have actuated the conditional limitation in paragraph 17. The contingency detailed therein is that "default be made in the payment of the rent or any part thereof" as specified in the lease. The notice, however, refers not to respondent's failure to pay the rent but its refusal "to pay [its] *share of the increase in property taxes for the building*" (emphasis added). It is a settled rule that in the absence of an express provision making it so, taxes may not be treated as part of the rent for the purposes of bringing summary proceedings (see *River View Assoc. v Sheraton Corp. of Amer.*, 33 AD2d 187, 190, affd 27 NY2d 718; *Matter of Petrakakis v Crown Hotels,* 3 AD2d 635; *Atkinson v Trehan,* 70 Misc 2d 614, 615). There is no

such express provision. The obligations to pay rent and taxes, although treated in successive sentences in the same paragraph of the lease (see par 1, quoted *supra*) are nevertheless separate and distinct.

Moreover, the notice of termination, even if otherwise sufficient, could not have been effective with respect to the alleged violations of the lease by respondent's employees and patrons in parking in designated fire lanes. Nothing in paragraph 17 pertains to parking or to designated fire lanes. To be sure, as petitioner argues, respondent's employees and patrons in blocking designated fire lanes may have contravened some particular code provision or other enactment, the violation of which would have constituted a breach of the specific provisions of paragraph 17.[3] However, the notice of termination makes no reference to the violation of any such code provision or any other applicable enactment and such meaning may not be read into it (see *Gillette Bros. v Aristocrat Rest.,* 239 NY 87, 92, *supra;* cf. *Schnitzer v Fruehauf Trailer Co.,* 283 App Div 421, affd 307 NY 876; see, generally, *Janks v Central City Roofing Co.,* 271 App Div 545, 548; *North Shore Motor Lodge Corp. v Land,* 68 Misc 2d 87).

In sum, paragraph 4 creates a condition and not a conditional limitation which would support a summary proceeding. Although paragraph 17 creates a conditional limitation, neither the notice nor the petition contain allegations sufficient to give rise to jurisdiction over a summary proceeding under RPAPL article 7.[4]

The order should be affirmed.

CALLAHAN, DENMAN, BOOMER and MOULE, JJ., concur.

Order unanimously affirmed, with costs.

---

**3.** The contingency in paragraph 17 is that "the tenant shall fail to comply with any of the statutes, ordinances, rules, orders, regulations and requirements of the Federal, State and Local Governments or of any and all of their Departments and Bureaus applicable to said premises."

**4.** Petitioner also contends that it may maintain a summary proceeding under the last sentence of RPAPL 711 (subd 1) upon the ground that the conduct of respondent was objectionable. The lease contains no provision giving the landlord the right to terminate if it deemed the tenant objectionable and absent such a provision, the proceeding may not be maintained (see 14 Carmody-Wait 2d, § 90:17; cf. *Elliman & Co. v Karlsen,* 59 Misc 2d 243, where the lease did contain such term).