■ SUTTON AREA COMMUNITY, INC., et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents, HARLEY BALDWIN ASSOCIATES, INC., et al., Respondents, BRIDGEMARKET COMPANY, LTD., Intervenor-Respondent, and BANK OF NEW YORK, Intervenor-Respondent-Appellant.—Order and judgment (one paper), Supreme Court, New York County (Eugene L. Nardelli, J.), entered October 25, 1991, which, *inter alia,* declared the lease dated July 1, 1986 null and void as violative of New York City Charter § 384 (a), declared such lease not null and void as violative of section 384 (b) (1) and (4), and denied defendant's motion to dismiss the causes of action for declaratory relief as moot, unanimously modified, on the law, to the extent of granting summary judgment to plaintiffs on the second and third causes of action and declaring that such lease is null and void on the ground that it was entered into directly with the project developer without competitive bidding in violation of New York City Charter § 384 (b) (1) and (4), and otherwise affirmed, without costs. Order of the same court, entered July 31, 1992, insofar as it denied defendants' motion to renew the motions resulting in the aforesaid order and judgment of October 25, 1991, unanimously affirmed, without costs. The appeal from the aforesaid order of July 31, 1992, unanimously dismissed insofar as review is sought and judgment of October 25, 1991, unanimously affirmed, without costs. Order of the same court, entered August 3, 1988, which denied defendants' motion to dismiss the causes of action seeking declaratory relief as barred by the Statute of Limitations and the doctrine of laches, unanimously affirmed, without costs.

The appeal essentially involves three issues: whether the projects' proponents, in 1987, entered into the lease dated July 1, 1986 replacing the 1983 lease without approval of the Board of Estimate pursuant to New York City Charter § 384 (a); whether the conveyance to a private developer under the 1987 lease, rather than to the Public Development Corporation that had been the lessee under the 1983 lease, required competitive bidding under New York City Charter § 384 (b) (1), or the approval of the Manhattan Borough Board pursuant to New York City Charter § 384 (b) (4); and whether the developer's

purported financial inability to go forward with the project renders moot the other issues raised on the appeal.

In 1983, the City leased property under the arches of the Queensboro Bridge to the Public Development Corporation for the purposes of reassignment to the developer for construction of a market. That lease was entered into with Board of Estimate approval, and was never challenged either as to its terms or the approval procedure. However, the assignment was never made. Instead, in 1987, the City and the developer renegotiated certain terms relating to floor area and uses, and entered into a new lease without seeking or acquiring Board of Estimate approval. Unlike the 1983 lease which was entered between the City and the Public Development Corporation with an assignment contemplated to the developer, the 1987 lease was entered into directly between the City and the private developer. Since the lease was not given to a local development corporation, and the approval of the relevant Borough Board was not obtained, New York City Charter § 384 (b) (4), which otherwise would have excused the parties from the requirements of proceeding by competitive bidding under section 384 (b) (1), is not available. Accordingly, summary judgment should have been granted to plaintiffs on their second and third causes of action declaring the lease null and void because entered into without competitive bidding.

While we do not agree with plaintiffs' reading of the 1982 Board of Estimate resolution and 1983 lease that the permissible floor area was strictly limited to that described therein, neither do we agree with defendants that the 1987 lease accomplished only a non-material amendment and restatement of the 1983 lease.

By effectively doubling the proposed floor area of the project, altering or deleting the formerly described floor area of certain retail uses, and varying the use limitations that had been clearly restricted in the 1983 lease, the 1987 lease crossed the line from minor amendment of the 1983 lease to create a new lease. As such, new approval by the Board of Estimate was required under New York City Charter § 384 (a).

In the absence of lease terms providing for its self-executing termination in the event of nonpayment of rent *(see, Perrotta v Western Regional Off-Track Betting Corp.,* 98 AD2d 1), or a judicial determination that the lease has been terminated *(see, Gilpin v Mutual Life Ins. Co.,* 299 NY 253), we reject defendants' argument that the lease was terminated by the developer's purported rent default, and that plaintiffs' challenge to the project is thus rendered moot. We also reject the mootness

claim grounded upon the developer's purported financial inability to continue the project. Such claims, in their present posture, are speculative. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ. [*See,* — AD2d —, Sept. 30, 1993.]