■ SUTTON AREA COMMUNITY, INC., et al., Respondents-Appellants, v CITY OF NEW YORK et al., Appellants-Respondents, HARLEY BALDWIN ASSOCIATES, INC., et al., Respondents, BRIDGE MARKET COMPANY, LTD., Intervenor-Respondent, and BANK OF NEW YORK, Intervenor-Respondent-Appellant. [602 NYS2d 828] —The motions insofar as to seek leave to appeal to the Court of Appeals are granted, as indicated. The motion insofar as it seeks reargument is granted to the extent of recalling and vacating the decision and order of this Court entered February 9, 1993 (190 AD2d 562) and substituting therefor a new memorandum decision as follows:

Order and judgment (one paper), Supreme Court, New York County (Eugene L. Nardelli, J.), entered October 25, 1991, which, inter alia, declared the lease dated July 1, 1986 null and void as violative of New York City Charter § 384 (a), declared such lease not null and void as violative of section 384 (b) (1), and denied defendants' motion to dismiss the causes of action for declaratory relief as moot, unanimously affirmed, without costs. Order of the same court, entered July 31, 1992, insofar as it denied defendants' motion to renew the motions resulting in the aforesaid order and judgment of October 25, 1991, unanimously affirmed, without costs. Order of the same court, entered August 3, 1988, which denied defendants' motion to dismiss the causes of action seeking declaratory relief as barred by the Statute of Limitations and the doctrine of laches, unanimously affirmed, without costs.

This appeal essentially involves three issues: whether the project's proponents, in 1987, entered into the lease dated July 1, 1986 replacing the 1983 lease without approval of the Board of Estimate pursuant to New York City Charter § 384 (a); whether the conveyance to a private developer under the 1987

lease, rather than to the Public Development Corporation that had been the lessee under the 1983 lease, required competitive bidding under New York City Charter § 384 (b) (1), or the approval of the Manhattan Borough Board pursuant to New York City Charter § 384 (b) (4); and whether the developer's purported financial inability to go forward with the project renders moot the other issues raised on the appeal.

In 1983, the City leased property under the arches of the Queensboro Bridge to the New York City Public Development Corporation (PDC) for the purpose of reassignment to the developer for construction of a market. That lease was entered into with Board of Estimate approval, and was never challenged either as to its terms or the approval procedure. On August 10, 1983, the PDC assigned the lease to Harley Baldwin Associates, and on the same day Harley Baldwin Associates assigned the lease to Bridgemarket Associates, the actual developer of the project. In 1982, the Board of Estimate had authorized a lease of the property here at issue to PDC, and further authorized PDC to sublet to Harley Baldwin Associates. That resolution brought the transaction within the scope of New York City Charter § 384 (b) (4), whereby public bidding is excused for leases to "a local development corporation" such as PDC. Also in 1982, the Manhattan Borough Board approved the project pursuant to New York City Charter § 384 (b) (4), thus satisfying the requirements for entering into the lease without competitive bidding. When, in 1987, a restated and amended lease was entered into between the City and Bridgemarket Associates, that form of lease simply recognized the valid assignments of the 1983 lease, and it was not necessary that the 1987 lease be the subject of competitive bidding. Accordingly the defendants' cross-motion for summary judgment dismissing plaintiffs' second and third causes of action was properly granted.

While we do not agree with plaintiffs' reading of the 1982 Board of Estimate resolution and 1983 lease that the permissible floor area was strictly limited to that described therein, neither do we agree with defendants that the 1987 lease accomplished only a non-material amendment and restatement of the 1983 lease. By effectively doubling the proposed floor area of the project, altering or deleting the formerly described floor area of certain retail uses, and varying the use limitations that had been clearly restricted in the 1983 lease, the 1987 lease crossed the line from minor amendment of the 1983 lease to create a new lease. As such, new approval by the

Board of Estimate was required under New York City Charter § 384 (a).

In absence of the lease terms providing for its self-executing termination in the event of nonpayment of rent *(see, Perrotta v Western Regional Off-Track Betting Corp.,* 98 AD2d 1), or a judicial determination that the lease has been terminated *(see, Gilpin v Mutual Life Ins. Co.,* 299 NY 253), we reject defendants' argument that the lease was terminated by the developer's purported rent default, and that plaintiffs' challenge to the project is thus rendered moot. We also reject the mootness claim grounded upon the developer's purported financial inability to continue the project. Such claims, in their present posture, are speculative. Concur—Carro, J. P., Ellerin, Asch and Rubin, JJ.