■ ALLEGHANY PHARMACAL CORPORATION et al., Respondents-Appellants, v PARBEL OF FLORIDA, INC., Appellant-Respondent. ALLEGHANY PHARMACAL CORPORATION et al., Respondents, v PARBEL OF FLORIDA, INC., Appellant. [640 NYS2d 507] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered April 18, 1994, which granted plaintiffs summary judgment on their first, second, fourth and sixth causes of action, and judgment, same court (Louis York, J.), entered April 6, 1995, which, after a nonjury trial on the issue of damages, awarded $536,041.89 and $685,104.49, inclusive of interest, costs and disbursements, to plaintiffs, respectively, unanimously affirmed, without costs.

Defendant breached its contractual obligation to protect the trademark licensed to plaintiffs when it refused to participate in efforts to stop the gray-market import into the United States of the product manufactured in the United Kingdom (U.K.) by an independent British manufacturer, who was licensed by defendant's U.K. subsidiary but had no subsidiary or licensee relationship directly with defendant (*see, K Mart Corp. v Cartier, Inc.*, 486 US 281). Because defendant had no control over the independent foreign manufacturer once defendant's subsidiary licensed the trademark out, thereby conforming to the so-called "case 3" model formulated by the United States Supreme Court in *K Mart* (*see, supra,* at 294 [Kennedy, J.], 328 [Scalia, J., concurring in relevant part]; *see also, supra,* at 312 [Brennan, J., dissenting in relevant part]), defendant had the right to seek to have the imports stopped, but did not do so.

The trial court's decision on damages, which rested in large measure on the credibility of witnesses, was a fair interpretation of that evidence (*see, Thoreson v Penthouse Intl.*, 179 AD2d 29, 31, *affd* 80 NY2d 490). Plaintiffs proved lost future profits with reasonable certainty by submitting "evidentiary proof to demonstrate that the damages claimed were attributable to the alleged breach of contract, that the amount of loss was capable of proof, and that such damages were in the contemplation of the parties when the contract was made" (*Payroll*

*Equity Plans v Bank of N. Y.*, 202 AD2d 270, *lv dismissed* 84 NY2d 923). The record supports the trial court's conclusion as to the reasonable value of counsel's services (*see, Equitable Lbr. Corp. v IPA Land Dev. Corp.*, 38 NY2d 516, 521), and, since "the amount awarded by the Supreme Court * * * bears a reasonable relation to the unrecovered principal and to the time and effort expended in the * * * action, we decline to disturb the attorneys' fees provision of the judgment" (*Emery v Fishmarket Inn*, 173 AD2d 765, 766). We have considered defendant's remaining arguments and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.