OPINION OF THE COURT
Memorandum.
Final judgment affirmed without costs.
In this commercial holdover summary proceeding commenced in February 2004, the parties dispute the termination date of the lease, landlord, in reliance on the first page of the lease, contending that the lease expired on January 31, 2004 and tenant contending that the true expiration date was December 31, 2004, based upon the terms of an escalation clause found in a rider to the lease. Following trial, the court found that the lease had not yet expired and dismissed the petition. We affirm.
Although the lease’s commencement date was originally listed on the first page of the lease as February 1, 1994 (from which landlord derived the January 31, 2004 expiration), that date was crossed out and replaced with a handwritten date of July 1, 1994, and it is undisputed that this represented the true commencement date of the lease. Thus, even assuming, arguendo, that the first page of the lease, rather than the rider, should govern the term, an issue we need not ultimately resolve here, the lease terminated no earlier than June 30, 2004, as the first page further provides that the term is “TEN (10) Years.” Therefore, as the summary proceeding was commenced in February 2004, no notice to terminate the tenancy was served prior thereto, and the 10-year term of the lease had not expired at the time the summary proceeding was commenced, tenant was not in fact holding over after the expiration of its lease, and the petition was properly dismissed (see RPAPL 711 [1]; 2 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 30:3, at 419 [4th ed]).
Rudolph, RJ., Angiolillo and Lippman, JJ., concur.