OPINION OF THE COURT
Memorandum.
Ordered that the order is affirmed, without costs.
In this commercial holdover proceeding, landlord alleges that tenant breached the lease by (1) subletting the premises without landlord’s prior written consent and (2) failing to pay rent arrears upon demand, and that tenant failed to cure either of the breaches. Tenant and undertenant (collectively, appellants) appeal from an order of the Civil Court which granted landlord’s motion for summary judgment on the petition and dismissing each of their affirmative defenses.
A holdover proceeding based upon a landlord’s termination of a lease may only be maintained where there is a conditional limitation in the lease providing for its early termination (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; Baumeister v Casieri, 32 Misc 2d 654 [App Term, 1st Dept 1961]). Here, paragraph 4 of the lease, which requires tenant to obtain written consent prior to entering into a sublease, states that “in the event of a breach thereof, the term herein shall immediately cease and determine at the option of the Landlord as if it were the expiration of the original term.” This language creates a condition, and not a conditional limitation (see Perrotta, 98 AD2d at 4-5), and a holdover summary proceeding cannot be based thereon.
Paragraph 15 states that, if tenant defaulted in the payment of the rent, the landlord may, “at any time thereafter,” terminate the lease on five days’ notice, “and this lease and the terms hereof shall expire and come to an end on the date fixed in such notice as if the said date were the date originally fixed in this lease for the expiration hereof.” This language is construed as a conditional limitation (see Perrotta, 98 AD2d at 5), and this holdover proceeding may properly be based thereon.
In view of the foregoing, we address appellants’ arguments only insofar as they are relevant to landlord’s termination of the lease based on tenant’s rent default.
Appellants argue that the notice of default was defective, as it was not served in accordance with RPAPL 735. To the extent that the notice of default at issue addressed tenant’s breach of paragraph 15 of the lease, regarding defaults in the payment of *11 rent, we note that neither paragraph 15 nor any other provision of the lease requires the service of a notice of default for a default in the payment of rent. While paragraph 13 of the lease requires landlord to give tenant notice of an insubstantial breach of the lease, as well as a 30-day period in which to cure, the rent default alleged in the notice of default at issue cannot be described as insubstantial. Consequently, we need not reach appellants’ arguments with respect to the manner of the service of the notice of default.
Appellants’ argument that the affirmative defense based upon CPLR 3211 (a) (4) should not have been dismissed, and that, therefore, summary judgment was improper, also fails. “Dismissal on the ground of prior proceeding pending is not appropriate where substantially the same relief is not being sought in the two proceedings” (287 Realty Corp. v Livathinos, 38 Misc 3d 146[A], 2013 NY Slip Op 50308[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see Goldman v A&E Club Props., LLC, 89 AD3d 681 [2011]; Wharry v Lindenhurst Union Free School Dist., 65 AD3d 1035 [2009]). The relief sought in the other action, a declaratory judgment action pending in Supreme Court, was a declaration that landlord’s refusal to consent to the sublease at issue was unreasonable. As noted above, an alleged unconsented-to sublet cannot form the basis for this proceeding. In any event, the relief sought in this summary proceeding is the recovery of possession and arrears. Since the relief sought in both proceedings is not the same, there was no basis for a CPLR 3211 (a) (4) defense.
Appellants contend that tenant should not be considered in default of rent because tenant had tendered payments, and landlord had, improperly, rejected the tender. Appellants did not demonstrate that landlord’s rejection of the rent payments was unwarranted. Rather, the record demonstrates that some of those rent payments were rejected because landlord knew that tenant had entered into the sublease at issue without landlord’s written consent. Under the circumstances, that rejection was reasonable, as appellants have argued in this very proceeding that landlord’s acceptance of rent with knowledge of a breach of the lease should result in the waiver of landlord’s rights with respect to that breach (see generally Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442 [1984]). The remaining rent payments were properly rejected because landlord had served a notice of termination, and acceptance of rent would have vitiated that notice (see Vendóme v Tasoulis, *12 NYLJ, Feb. 2, 1994 at 23, col 5 [App Term, 2d Dept, 2d & 11th Jud Dists]). Moreover, even if unwarranted, a landlord’s rejection of rent payments does not relieve a tenant of its obligations under the lease (see Mengoni v Gleason, 29 Misc 3d 130[A], 2010 NY Slip Op 51819[U] [App Term, 1st Dept 2010]). It is undisputed on this record that, subsequent to landlord’s rejection of the tender, landlord twice demanded payment of the arrears and tenant failed to make payment. Tenant’s failure to pay the arrears upon due demand was a breach of the lease (see generally 83 NY Jur 2d, Payment and Tender § 132).
Appellants’ argument that it was improper for landlord to terminate the tenancy based upon tenant’s failure to pay stale arrears lacks merit (see UBO Realty Corp. u Fulton, NYLJ, Sept. 8, 1993 at 21, col 1 [App Term, 1st Dept]), as this is not a situation in which a landlord attempted to manipulate a tenant by rejecting rent payments with the goal of ultimately evicting the tenant on the ground that it could not make payment upon demand (see e.g. Haberman v Singer, 3 AD3d 188 [2004]).
Finally, having admitted, and even affirmatively alleged, that all of the rent sought by landlord in this proceeding had been previously tendered by tenant, tenant cannot now argue that landlord failed to submit proof of the amount due (cf. Mann v Sprout, 185 NY 109 [1906]). In view of the foregoing, we find that the Civil Court properly granted landlord summary judgment based upon tenant’s default in paying rent.
Appellants’ remaining arguments are without merit. Accordingly, the order granting landlord’s motion for summary judgment is affirmed.
Weston, J.P, and Aliotta, J., concur; Pesce, J., taking no part.