Fourth Housing Company, Inc., Appellant,
against
Milford Bowers and Elizette Bowers, Respondents.



Appeals from orders of the Civil Court of the City of New York, Queens County (Inez Hoyos, J.), dated August 27, 2014 and December 22, 2014, respectively. The order dated August 27, 2014, insofar as appealed from as limited by the brief, denied the branch of landlord's motion seeking summary judgment in a holdover summary proceeding. The order dated December 22, 2014 denied landlord's motion for, in effect, leave to renew that branch of its prior motion.




ORDERED that the order dated August 27, 2014, insofar as appealed from, is affirmed, without costs, and, upon searching the record, summary judgment is awarded to tenants dismissing the petition; and it is further,
ORDERED that the appeal from the order dated December 22, 2014 is dismissed as academic in light of our determination of the appeal from the order dated August 27, 2014.
Landlord, a Mitchell-Lama housing corporation, brought this holdover proceeding alleging that it had terminated the tenancy in accordance with a provision of the lease referred to as the "chronic non-payment rule." Landlord moved, insofar as is relevant to this appeal, for summary judgment and, after the Civil Court denied that branch of the motion by order dated August 27, 2014, moved for, in effect, leave to renew that branch of the prior motion. The Civil Court denied that motion as well, by order dated December 22, 2014. Landlord appeals from each of those orders.
A holdover proceeding based upon a landlord's termination of a lease may only be maintained where there is a conditional limitation in the lease providing for its early termination (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; St. Catherine of Sienna Roman Catholic Church, at St. Albans, Queens County v 118 Convent Assoc., LLC, 44 Misc 3d 8, 11 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Where a conditional limitation is set in motion by a tenant's breach, the direct cause of the expiration of the lease is the lapse of time fixed in a notice, not the breach itself (see Perrotta, 98 AD2d at 5; 2 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 23:29 at 190 [4th ed 1998]). Where a termination pursuant to a lease is "by forfeiture for breach of condition and not by lapse of time, a breach would not make [a tenant] subject to a summary proceeding" (Perrotta, 98 AD2d at 5). Rather, the landlord's remedy would be an ejectment action (see 2 Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings §§ 23:12, 23:25 [4th ed 1998]). 
Here, the "chronic non-payment rule" first states that, if the Board decides to terminate [*2]the tenancy, the Board's attorney is authorized to commence proceedings in Civil Court or Supreme Court. It then requires that a 30-day notice, referencing the Board's vote as the basis for the termination and including the written findings of the Board, be served upon the tenant. The rule does not provide that the term of the lease shall automatically expire upon the lapse of time fixed in that notice. Thus, a termination made pursuant to this "chronic non-payment rule" would be based upon a breach of a condition and not upon a lapse of time, making it a condition, and not a conditional limitation. In view of the foregoing, this holdover proceeding does not lie.
Contrary to the views expressed in the partial dissent, in a summary proceeding it is the obligation of the court to "make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised" (CPLR 409 [b]; see e.g. Adesso v Adesso, 131 AD3d 1052 [2015]; Matter of Gonzalez v City of New York, 123 AD3d 632 [2015]). Here, as the papers and pleadings before the Civil Court established, as a matter of law, that the proceeding was fatally defective for lack of a conditional limitation, the court was obligated to dismiss the petition (see Dass-Gonzalez v Peterson, 258 AD2d 298 [1999]; Kings Hwy. Realty Corp. v Riley, 35 Misc 3d 127[A], 2012 NY Slip Op 50572[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the order dated August 27, 2014, insofar as appealed from, is affirmed and, upon searching the record, summary judgment is awarded to tenants dismissing the petition without prejudice to landlord's commencement of an ejectment action. In light of this determination, the appeal from the order dated December 22, 2014 is dismissed as academic. 
Pesce, P.J., and Aliotta, J., concur.
Weston, J., concurs in part and dissents in part and votes to affirm the order in the following memorandum:
Landlord appeals the denial of its summary judgment motion by the Civil Court.
The sole issue raised in the summary judgment motion was whether the tenancy was lawfully terminated by the Board. Landlord alleged that tenant violated the chronic non-payment rule provision of the lease, and urged the Civil Court to apply the business judgment rule and not disturb the termination. In denying the motion, the court found there was a question of fact as to whether tenant had defenses as to any of the purported late payments. The majority now affirms and dismisses the petition, stating, for the first time in this case, that a holdover proceeding does not lie because landlord's termination of the lease was not based on a conditional limitation. While I agree that a question of fact exists precluding summary judgment in landlord's favor, I disagree with the majority's decision to venture beyond the arguments raised and dismiss the petition, sua sponte.
It is axiomatic that an appellate court's review is confined to those issues that have been appealed and which aggrieve the appealing party (see McHale v Anthony, 41 AD3d 265, 266 [2007] [court rejected dissent's efforts to reach lack of standing issue which was not raised by any party]). While appellate judges are not " automatons' . . . they are not freelance lawyers either" (Misicki v Caradonna, 12 NY3d 511, 519 [2009]). Thus, any question of whether landlord was attempting to end the tenancy by relying upon a "condition subsequent" clause rather than upon a "conditional limitation" clause in the lease is not properly before the court at this time. To conclude otherwise "pose[s] an obvious problem of fair play" (id.). Appellate courts "are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made" (id.).
To the extent the majority suggests that it is entitled to search the record and award tenant, a nonmoving party, summary judgment, it may not do so on grounds that were not raised by either party (see Dunham v Hilco Const. Co., Inc., 89 NY2d 425 [1996]; see e.g. Rosenblatt v St. George Health and Racquetball Associates, LLC, 119 AD3d 45, 54 [2014]; Pamco Industries v MPAC, Inc., 231 AD2d 504 [1996]; Marshall v New York City Health & Hosps. Corp., 186 AD2d 542, 543—544 [1992]). An appellate court's power to search the record and grant a nonmoving party summary judgment "is not [ ] boundless" (Dunham v Hilco Const. Co., Inc., 89 [*3]NY2d at 429). Rather, an appellate court may grant summary judgment in favor of a nonmoving party "only with respect to a cause of action or issue that is the subject of the motions before the court" (id. at 429-430).
Here, the majority has expanded the scope of its review by awarding summary judgment to a nonmoving party based on an issue of its own creation. Beyond due process concerns, this outcome is patently unfair to landlord, which is totally blindsided by this turn of events. The dismissal of the petition on the ground that there was no conditional limitation in the lease providing for its early termination is not a predictable outcome which landlord should have anticipated. Inasmuch as this issue was never briefed by any party, there has been no notice of the issue either to the parties or the Civil Court, and landlord has not had any opportunity to be heard on this point. For this Court to interject itself into an adversarial process and ferret out arguments where none previously existed disrupts the entire balance of our system of jurisprudence.
Accordingly, I would affirm the order. 
Decision Date: June 23, 2016