OPINION OF THE COURT
Memorandum.
Ordered that the order dated August 27, 2014, insofar as appealed from, is affirmed, without costs, and, upon searching the record, summary judgment is awarded to tenants dismissing the petition; and it is further ordered that the appeal from the order dated December 22, 2014 is dismissed as academic in light of our determination of the appeal from the order dated August 27, 2014.
Landlord, a Mitchell-Lama housing corporation, brought this holdover proceeding alleging that it had terminated the tenancy in accordance with a provision of the lease referred to as the “chronic non-payment rule.” Landlord moved, insofar as is relevant to this appeal, for summary judgment and, after the Civil Court denied that branch of the motion by order dated August 27, 2014, moved for, in effect, leave to renew that branch of the prior motion. The Civil Court denied that motion as well, by order dated December 22, 2014. Landlord appeals from each of those orders.
A holdover proceeding based upon a landlord’s termination of a lease may only be maintained where there is a conditional limitation in the lease providing for its early termination (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; St. Catherine of Sienna Roman Catholic Church, at St. Albans, Queens County v 118 Convent Assoc., LLC, 44 Misc 3d 8, 11 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). *45 Where a conditional limitation is set in motion by a tenant’s breach, the direct cause of the expiration of the lease is the lapse of time fixed in a notice, not the breach itself (see Perrotta, 98 AD2d at 5; 2 Robert F. Dolan, Rasch’s Landlord and Tenant—Summary Proceedings § 23:29 at 190 [4th ed 1998]). Where a termination pursuant to a lease is “by forfeiture for breach of condition and not by lapse of time, a breach would not make [a tenant] subject to a summary proceeding” (Perrotta, 98 AD2d at 5). Rather, the landlord’s remedy would be an ejectment action (see 2 Robert F. Dolan, Rasch’s Landlord and Tenant—Summary Proceedings §§ 23:12, 23:25 [4th ed 1998]).
Here, the “chronic non-payment rule” first states that, if the Board decides to terminate the tenancy, the Board’s attorney is authorized to commence proceedings in Civil Court or Supreme Court. It then requires that a 30-day notice, referencing the Board’s vote as the basis for the termination and including the written findings of the Board, be served upon the tenant. The rule does not provide that the term of the lease shall automatically expire upon the lapse of time fixed in that notice. Thus, a termination made pursuant to'this “chronic non-payment rule” would be based upon a breach of a condition and not upon a lapse of time, making it a condition, and not a conditional limitation. In view of the foregoing, this holdover proceeding does not lie.
Contrary to the views expressed in the partial dissent, in a summary proceeding it is the obligation of the court to “make a summary determination upon the pleadings, papers and admissions to the extent that no triable issues of fact are raised” (CPLR 409 [b]; see e.g. Matter of Addesso v Addesso, 131 AD3d 1052 [2015]; Matter of Gonzalez v City of New York, 127 AD3d 632 [2015]). Here, as the papers and pleadings before the Civil Court established, as a matter of law, that the proceeding was fatally defective for lack of a conditional limitation, the court was obligated to dismiss the petition (see Dass-Gonzalez v Peterson, 258 AD2d 298 [1999]; Kings Highway Realty Corp. v Riley, 35 Misc 3d 127[A], 2012 NY Slip Op 50572[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the order dated August 27, 2014, insofar as appealed from, is affirmed and, upon searching the record, summary judgment is awarded to tenants dismissing the petition without prejudice to landlord’s commencement of an ejectment action. In light of this determination, the appeal from the order dated December 22, 2014 is dismissed as academic.