1900 Albemarle, LLC, Appellant,
against
Guy Solon, Respondent, et al., Undertenant.




Cohen, Hurkin, Ehrenfeld, Pomerantz & Tenenbaum, LLP (Robert Ehrenfeld, Esq.), for appellant.
The Legal Aid Society (Alexandra Heinegg, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Marc Finkelstein, J.), dated January 13, 2016. The order granted tenant's motion to dismiss the petition and denied landlord's cross motion for summary judgment in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs.
Tenant, the recipient of a Section 8 subsidy for a rent-stabilized apartment that he has resided in since 1985, suffered a debilitating stroke in 2007 and was in a rehabilitation facility until he returned to his apartment in December 2010. Tenant's Section 8 subsidy was terminated in April 2010, effective July 31, 2008, because he had vacated his apartment. Landlord brought a nonpayment proceeding in 2011 for the recovery of the Section 8 portion of the rent, which proceeding was dismissed in 2014. Tenant's voucher was reinstated in June 2014, and landlord began receiving Section 8 payments in October 2014, following the completion of required repairs. Landlord commenced this holdover proceeding in August 2015, alleging that tenant had violated a substantial obligation of his tenancy under his initial 1985 lease and Rent Stabilization Code § 2524.3 (a) by failing to comply with his obligation to assure that his rent subsidy continued to be paid, and demanding that tenant pay landlord over $70,000 for the lost Section 8 [*2]subsidy. Landlord appeals from an order of the Civil Court which granted tenant's motion to dismiss the petition for failure to state a cause of action and denied landlord's cross motion for summary judgment.
A holdover proceeding based upon a landlord's termination of the lease may only be maintained where there is a conditional limitation in the lease providing for its early termination (see Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; Fourth Hous. Co., Inc. v Bowers, 53 Misc 3d 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; St. Catherine of Sienna Roman Catholic Church, at St. Albans, Queens County v 118 Convent Assoc., LLC, 44 Misc 3d 8 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists [2014]). Here, as correctly noted by the Civil Court, the lease contains no such conditional limitation. We reach no other issue.
Accordingly, the order is affirmed.
SOLOMON, J.P., and ELLIOT, J., concur.
PESCE, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017