Peekskill Hous. Auth. v Dunlap (2020 NY Slip Op 51486(U))

[*1]

Peekskill Hous. Auth. v Dunlap

2020 NY Slip Op 51486(U) [70 Misc 3d 126(A)]

Decided on December 3, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 3, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., BRUCE E. TOLBERT, TERRY JANE
RUDERMAN, JJ

2019-1317 W C

Peekskill Housing Authority, Appellant,
against
Gary Dunlap and Lekeya Dunlap, Respondents.

Katz & Klein, Esqs. (Gerald M. Klein of counsel), for appellant.
Legal Sevices of the Hudson Valley (Mihaela Petrescu of counsel), for respondents.

Appeal from a final judgment of the City Court of Peekskill, Westchester County (Reginald
J. Johnson, J.), entered March 11, 2019. The final judgment, after a nonjury trial, dismissed the
petition in a holdover summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
In this holdover proceeding brought against tenant, Gary Dunlap, and his daughter, Lekeya
Dunlap, pursuant to RPAPL 711 (1), landlord appeals from a final judgment which, after a
nonjury trial, dismissed the petition. 
As landlord acknowledges on appeal, "A holdover proceeding based upon a landlord's
termination of a lease may only be maintained where there is a conditional limitation in the lease
providing for its early termination" (JCF
Assoc., LLC v Sign Up USA, Inc., 59 Misc 3d 135[A], 2018 NY Slip Op 50501[U], *2
[App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018] [internal quotation marks omitted];
see also TSS-Seedman's, Inc. v Elota Realty Co., 72 NY2d 1024, 1026-1027 [1988];
Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1, 5 [1983]; 1900 Albemarle, LLC v Solon, 57 Misc
3d 158[A], 2017 NY Slip Op 51665[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2017]; Fourth Hous. Co., Inc. v
Bowers, 53 Misc 3d 43, 44 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]).
Where a conditional limitation is set in motion by a tenant's breach, the direct cause of the
expiration of the lease is the lapse of time fixed in a notice, not the breach itself (see 2
Robert F. Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 23:29 at
190 [4th ed [*2]1998]). Here, the cause of the expiration of the
lease was not the lapse of time fixed in a notice, nor does the lease provide for such expiration.
Indeed, the notice at issue provided that tenant was entitled to a grievance procedure to challenge
the termination of the tenancy. Where a termination pursuant to a lease is "by forfeiture for
breach of condition and not by lapse of time, a breach would not make [a tenant] subject to a
summary proceeding" (Perrotta, 98 AD2d at 5). Rather, the landlord's remedy would be
an ejectment action (see 2 Robert F. Dolan, Rasch's Landlord and
Tenant—Summary Proceedings §§ 23:12, 23:25 [4th ed 1998]). Therefore, we
agree with the City Court that the petition should have been dismissed, albeit for reasons other
than those stated by the City Court.
Accordingly, the final judgment is affirmed.
ADAMS, P.J., TOLBERT and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 3, 2020