Gayle v Flynn (2021 NY Slip Op 50328(U))

[*1]

Gayle v Flynn

2021 NY Slip Op 50328(U) [71 Misc 3d 132(A)]

Decided on April 16, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 16, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MICHELLE WESTON, J.P., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1681 Q C

Ronald Gayle, Pauline Gayle and Olive
Phillips, Respondents, 
against
Alicea Flynn, Appellant, et al., Undertenants.

The Legal Aid Society-Queens Office (Julia McNally and Janet E. Sabel of counsel), for
appellant.
Andrew G. Neal, Esq., for respondents (no brief filed).

Appeal from a decision of the Civil Court of the City of New York, Queens County (John S.
Lansden, J.), dated August 1, 2019, deemed from a final judgment of that court entered August 5,
2019 (see CPLR 5512 [a]). The final judgment, upon the decision, after a nonjury trial, awarded
landlord possession in a holdover summary proceeding.

ORDERED that the final judgment is reversed, without costs, and the matter is remitted to
the Civil Court for the entry of a final judgment dismissing the petition.
In this holdover proceeding, which was commenced on July 25, 2017, the petition alleged
that the lease "expired on July 31, 2017." Following the trial, the Civil Court awarded landlords a
final judgment of possession.
In order to maintain a holdover proceeding, the petition must allege that the lease had
expired at the time the summary proceeding was commenced, and that the tenant held over
without the landlord's permission (see RPAPL 711 [1]; Matter of Calvi v
Knutson, 195 AD2d 828, 830 [1993]; Perrotta v Western Regional Off-Track Betting
Corp., 98 AD2d 1, 2 [1983]; T
& N Props., Inc. v Muldoon Indus., Inc., 13 Misc 3d 53 [App Term, 2d Dept, 9th
& 10th Jud Dists 2006]). As the petition alleged that the lease had not yet expired at the
time the proceeding was commenced, tenant properly argues that the petition should have been
dismissed. We reach no other issue.
Accordingly, the final judgment is reversed and the matter is remitted to the Civil Court for
the entry of a final judgment dismissing the petition.
WESTON, J.P., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 16, 2021