Lam Bros. Realty LLC v Torres (2024 NY Slip Op 50525(U))

[*1]

Lam Bros. Realty LLC v Torres

2024 NY Slip Op 50525(U)

Decided on May 4, 2024

Civil Court Of The City Of New York, Kings County

Weisberg, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 4, 2024
Civil Court of the City of New York, Kings County

Lam Brothers Realty LLC, Petitioner,

against
Margaret Torres, SANTIAGO TORRES, ET AL., Respondents.

Index No. 330166/22

Michael L. Weisberg, J.

The petition in this holdover summary eviction proceeding alleges termination of the rent-stabilized lease on the ground that Respondents have caused or permitted a nuisance. A bench trial was held at which both sides were represented by counsel. As part of its prima facie case, Petitioner offered a rent-stabilized renewal lease between itself and Margaret and Santiago Torres for 2023 and 2024. The renewal lease does not contain a condition limitation providing for the lease's early termination. No other lease between the parties was offered into evidence.
DISCUSSION
"A summary proceeding is a special proceeding governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction" (Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2d Dept 2001]). A landlord seeking eviction based on early termination of a fixed lease term cannot take advantage of the summary remedy offered by RPAPL Article 7 unless the lease contains a conditional limitation providing for its early termination (Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [4th Dept 1983]; Fourth Hous. Co., Inc. v Bowers, 53 Misc 3d 43 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; Hatim Group, LLC v Johnson, 36 Misc 3d 147[A], 2012 NY Slip Op 51631[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). While the absence of a conditional limitation precludes a summary eviction remedy, the tenant may be subject to an ejectment action (JCF Associates, LLC v Sign Up USA, Inc., 59 Misc 3d 135[A], 2018 NY Slip Op 50501[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; see also BEC Continuum Owner LLC v Foster, 80 Misc 3d 1233[A], 2023 NY Slip Op 51154[U] [Civ Ct, Kings County 2023]).
To the extent that Petitioner would argue that the Rent Stabilization Code may be read to provides grounds for the early termination of a rent-stabilized lease without the need for a conditional limitation in the lease, that argument would be misplaced. First, the Rent Stabilization Code is properly read as restricting the grounds for eviction, not creating grounds for eviction. The Code precludes eviction "except on one or more of the grounds specified in the [*2]Code" (RSC 2524.1[a]). Second, even if the Code did create grounds for eviction, it says nothing about summary proceedings. Summary proceedings are created by RPAPL Article 7, which requires a conditional limitation without exception. Petitioner is not prevented from seeking Respondents' eviction in an ejectment action, which does not require a conditional limitation.
CONCLUSION
Petitioner failed to prove that the parties' lease agreement contained a conditional limitation permitting its early termination. Absent a conditional limitation, Petitioner cannot maintain a holdover summary eviction proceeding premised on early termination of the lease.
Accordingly, it is ORDERED that judgment shall enter in favor of Respondents dismissing the petition.
This is the court's decision and order.
Dated: May 4, 2024
Michael L. Weisberg, JHC