423 Madison Ave. LLC v 423 Madison Ave. Inc.

2026 NY Slip Op 50614(U)

April 30, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Landlord and Tenant—Summary Proceedings--Commercial Tenant's Nonpayment of Rent--Prior Course of Conduct

423 Madison Avenue LLC, Petitioner-Landlord-Respondent,

v

423 Madison Avenue Inc. d/b/a Roast Kitchen, Respondent-Tenant-Appellant, and 423 Roast Corp. and "XYZ Corp.," Respondent-Undertenant.

Supreme Court, Appellate Term, First Department

Decided on April 30, 2026

571287/25

Present: Brigantti, J.P., Tisch, Alpert, JJ.

Tenant appeals from 1) a decision/order and final judgment of the Civil Court of the City of New York, New York County (Ilana J. Marcus, J.), each entered on or about October 4, 2023, after a nonjury trial, awarding landlord a monetary recovery in the principal amount of $2,173,319.01 in a nonpayment summary proceeding, and 2) a decision/order and judgment (Ilana J. Marcus, J.), each entered on or about October 11, 2024, awarding landlord attorneys' fees in the principal amount of $68,256.

[*1]

Per Curiam.

Final judgment and judgment (Ilana J. Marcus, J.), entered, respectively, on October 4, 2023 and October 11, 2024, affirmed, with one bill of $25 costs. Appeals from decisions/orders entered, respectively, on or about October 4, 2023 and October 11, 2024, dismissed, without costs, as subsumed in the appeals from the final judgment and judgment.

The trial court correctly rejected the commercial tenant's unpleaded defense that this nonpayment proceeding cannot be maintained because the lease automatically terminated prior to the commencement of this proceeding. Tenant claims that the lease was previously terminated by a conditional limitation contained in article 52 of the lease, which provides that if tenant is in default in the payment of rent for more than 60 days, "then this lease shall be deemed terminated and the landlord may reenter the premises."

Even assuming in tenant's favor that article 52 of the lease created a conditional limitation rather than a condition (but see Beach v Nixon, 9 NY 35 [1853]; Perrotta v Western Regional Off-Track Betting Corp., 98 AD2d 1 [1983]; Riesenfeld, Inc. v R-W Realty Co., Inc., 223 AD 140 [1928]; Matter of Guaranty Bldg. Co., 52 AD 140 [1900]), a fair interpretation of the evidence supports the finding that tenant failed to establish that it was in default for more than 60 days.

The court also correctly rejected tenant's claim that the rent demand was defective because it demanded payment of the 2019/2020 real estate taxes in a lump sum. The lump sum billing was in accordance with paragraph 41 of the lease. Tenant's claim that the lease was modified by a prior course of conduct between the parties is barred by the no-waiver provision contained in article 25 of the lease, which provides that landlord's failure to enforce a provision of the lease "shall not prevent a subsequent act which would have originally constituted a violation from having all the force and effect of an original violation." In any event, tenant's proof of an agreement permitting it to pay the real estate tax in installments was conditioned upon it staying current with its rental obligations, which it failed to do.

With respect to the award of attorneys' fees, the record supports the trial court's conclusion as to the reasonable value of services performed (see Alleghany Pharmacal Corp. v Parbel of Fla., 226 AD2d 104, 105 [1996]). Awarding attorneys' fees for in-house counsel is appropriate where counsel is performing legal work that would otherwise be performed by outside counsel (see Video-Cinema Films, Inc. v CNN, Inc., 2004 US Dist. LEXIS 1428, at *18, 2004 WL 213032, *6 [SDNY Feb. 3, 2004, Nos. 98-Civ.-7128 (BSJ), 98-Civ.-7129 (BSJ), 98-Civ.-7130 (BSJ)]).

We have considered tenant's remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

I concur I concur I concur

Decision Date: April 30, 2026